[No. H032499. Sixth Dist. Oct. 6, 2009.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID REID CAVALLARO, Defendant and Respondent.

## COUNSEL

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin, Laurence K. Sullivan and Amy Haddix, Deputy Attorneys General, for Plaintiff and Appellant.

The Law Office of Jeremy D. Blank and Jeremy D. Blank for Defendant and Respondent.

## OPINION

**DUFFY, J.**—In *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), the Supreme Court held unconstitutional the application of mandatory lifetime sex offender registration under Penal Code section 290[1] to a defendant convicted of unlawful, nonforcible oral copulation involving a 16 year old. The court concluded that because there was no rational basis for requiring registration in the defendant's case and not requiring it for persons convicted of unlawful, nonforcible sexual intercourse with a 16-year-old victim, mandatory registration for the former offense violated the equal protection clauses of the federal and state Constitutions. (*Hofsheier, supra*, at p. 1207.)

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

After defendant David Reid Cavallaro pleaded no contest to six counts of lewd and lascivious acts involving 14- and 15-year-old victims at least 10 years younger than he (§ 288, subd. (c)(1); hereafter, section 288(c)(1)), he argued successfully that the imposition of mandatory sex offender registration under section 290 was prohibited under *Hofsheier, supra,* 37 Cal.4th 1185. The People appeal from that ruling, arguing that barring mandatory registration after a conviction under section 288(c)(1) was an unwarranted extension of *Hofsheier.* We agree and therefore will reverse.

## FACTS[2]

Defendant, who was born in December 1978, was 26 and 27 years old at the time of the incidents. The victims were two girls, K. and S.[3] K. (born May 1991) was 14 and 15 years old at the time of the incidents; S. (born Sept. 1991) was 14 at the time of the incidents.

K. and S. met defendant during the summer of 2005 while he was skateboarding in the Campbell neighborhood where they lived. Defendant said he was 19 and the girls asked to see his driver's license because they thought he was older; he did not show it to them.

The girls next saw defendant on Halloween night in 2005 when defendant answered the door at his home as they were trick-or-treating in the neighborhood. Defendant invited them in when they stopped by a second time, and they watched television. Defendant complimented K. on her costume and rubbed her outer thigh; she tried to move away from him.

K. and S. went to defendant's house on New Year's Eve of 2005. They went to a convenience store where defendant bought some alcohol; they went back to his house and drank some of it. Defendant showed them a pornographic movie. At midnight, he kissed both girls. The three of them went into defendant's bedroom and lay down. Defendant tried to take off S.'s bra; she told him to stop and he eventually did. Defendant also rubbed both girls' breasts, buttocks, thighs, and vaginas over their clothing. He also put his hand down the back of K.'s pants. According to K., S. rubbed defendant's crotch over his pants. (S. testified that defendant took her hand and placed it on his crotch.) After S. left the bedroom, defendant continued to fondle K. and she refused his request that she remove her pants. While he was fondling K.,

---

[2] Our summary of the facts is taken from testimony at the preliminary examination.

[3] During the preliminary examination, the victims, who both testified, were referred to by their first names. K. and S. were identified in later proceedings (and in the appellate briefs) as Jane Doe One and Jane Doe Two, respectively. Because the record does not reflect a specific order permitting the victims to be referred to as Jane Does (see § 293.5), we will use their abbreviated forenames.

defendant ejaculated through his underwear onto K.'s clothing. At some point that evening while they were in the kitchen, defendant grabbed S. from behind and "humped" her.

In 2006, K. went to defendant's house between five and 10 more times, usually with S. On one occasion, defendant smoked marijuana in the girls' presence and offered them some; they declined. Defendant showed them a pornographic film once or twice. He touched K.'s and S.'s legs, buttocks, and breasts on several of those occasions; he also tried to take off their bras. On one occasion in August 2006 when K. went over to defendant's house with her friend, Jonathan, defendant unzipped his pants and "flashed" his penis. The police showed up on that occasion because defendant had called them, claiming that K. and Jonathan had trespassed by entering his home.

In another incident, defendant stopped by K.'s house with some fast food for K. and another girl. While they were at the door, defendant reached out and touched K.'s breast.

## PROCEDURAL BACKGROUND

Defendant was charged by information filed on January 19, 2007, with six felony counts of lewd or lascivious acts on a child of the age of 14 or 15 where the adult is at least 10 years older than the child (§ 288(c)(1)); two misdemeanor counts of distributing or exhibiting harmful matter having a sexual content to a minor (§ 313); and two felony counts of furnishing or offering to furnish marijuana to a minor 14 or over (Health & Saf. Code, § 11361, subd. (b)). Pursuant to defendant's motion, the court reduced the last two counts to misdemeanors under section 17. Defendant entered a plea of no contest to all 10 counts with the understanding that he would receive a maximum prison sentence of three years. On October 18, 2007, the court granted three years' probation upon the condition that defendant serve 11 months in the county jail.

Defendant and the People submitted briefs concerning whether defendant was subject to mandatory lifetime sex offender registration pursuant to section 290. After extended argument, on November 15, 2007, the court concluded that the imposition of mandatory registration on defendant would violate equal protection and accordingly rejected the People's request for such registration. The court also denied the People's request for discretionary sex offender registration pursuant to section 290. The People filed a timely notice of appeal from the order denying mandatory registration under section 290.[4]

---

[4] The People do not challenge the court's order denying sex offender registration under the discretionary provisions of section 290.

DISCUSSION

I. *Appealability*

The People indicated in their notice of appeal that they were seeking review of the order exempting defendant from the sex offender registration provisions under section 290. In their opening brief, the People argue that the order is reviewable on appeal under section 1238, subdivision (a)(5). Defendant does not challenge this assertion. However, because the question of appealability is jurisdictional (*People v. Miller* (2006) 145 Cal.App.4th 206, 212 [51 Cal.Rptr.3d 421]), we will address this threshold issue.

■ An appeal by the People is proper only where permitted by statute. (*People v. Smith* (1983) 33 Cal.3d 596, 600 [189 Cal.Rptr. 862, 659 P.2d 1152].) Section 1238 governs the People's right to appeal. Under section 1238, subdivision (a)(5), an appeal is authorized from "[a]n order made after judgment, affecting the substantial rights of the people."

Prior to ruling on the issue of mandatory registration under section 290, the court here suspended the imposition of sentence and granted probation. In a subsequent hearing nearly a month later, the court concluded that under *Hofsheier, supra,* 37 Cal.4th 1185, ordering mandatory registration would deprive defendant of his equal protection rights. An order denying a prosecution's request for the application of mandatory sex offender registration plainly affects the substantial rights of the People. (See *In re Alva* (2004) 33 Cal.4th 254, 279 [14 Cal.Rptr.3d 811, 92 P.3d 311] [registration assists law enforcement in addressing problem of recidivist sex offenders]; *People v. Castellanos* (1999) 21 Cal.4th 785, 796 [88 Cal.Rptr.2d 346, 982 P.2d 211] ["sex offender registration requirement serves an important and proper remedial purpose . . ."].) Since an order granting probation is deemed to be a judgment from which an appeal by the defendant may be taken (see § 1237, subd. (a); *People v. Wagner* (2009) 45 Cal.4th 1039, 1053 [90 Cal.Rptr.3d 26, 201 P.3d 1168]), we readily conclude that the matter here is an appealable postjudgment order under section 1238, subdivision (a)(5). (See *People v. Douglas* (1999) 20 Cal.4th 85 [82 Cal.Rptr.2d 816, 972 P.2d 151] [order declaring "wobbler" a misdemeanor entered after sentence was suspended held appealable].) Furthermore, since the People do not challenge the order granting probation, it is not an appeal proscribed under section 1238, subdivision (d). (*Douglas,* at pp. 92–96 [appeal from postprobation order not proscribed under § 1238, subd. (d), because challenge was not to order of probation].)

## II.  *Mandatory Sex Offender Registration*

As a consequence of being convicted of six counts of violating section 288(c)(1),[5] the People argued that defendant should be required to register as a sex offender pursuant to section 290, subdivision (c) which requires that anyone convicted of certain sex offenses, including violations of section 288, register for life as a sex offender.[6] Relying on *Hofsheier, supra,* 37 Cal.4th 1185, defendant contended that applying the mandatory registration provisions of section 290 in his case would be unconstitutional, and the trial court agreed. We conclude that the extension of *Hofsheier* to the circumstances presented here was unwarranted; we therefore find that the court erred in refusing to impose mandatory registration as a consequence of defendant's conviction.

### A.  *People v. Hofsheier*

In *Hofsheier*, the defendant (age 22) pleaded guilty to unlawful, nonforcible oral copulation of a 16-year-old girl in violation of section 288a, subdivision (b)(1). (*Hofsheier*, 37 Cal.4th at p. 1192.) The trial court ordered him to register with the appropriate law enforcement agency under the mandatory sex offender registration provisions of section 290. (*Hofsheier*, at p. 1192.) The defendant argued successfully in this court that the registration requirement constituted a violation of his constitutional right to equal protection under the law because persons convicted of unlawful, nonforcible sexual intercourse with a minor (§ 261.5) under similar circumstances were not required to register. (*Hofsheier*, at p. 1192.) The Supreme Court agreed that

---

[5] "Any person who commits an act described in [section 288,] subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year. In determining whether the person is at least 10 years older than the child, the difference in age shall be measured from the birth date of the person to the birth date of the child." (§ 288(c)(1).) Subdivision (a) of section 288 provides: "Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

[6] Subdivision (b) of section 290 provides: "Every person described in subdivision (c), for the rest of his or her life while residing in California, or while attending school or working in California, . . . shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, . . . within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides, and shall be required to register thereafter in accordance with the [Sex Offender Registration] Act." And under subdivision (c), persons required to register as sex offenders include anyone convicted of a violation of section 288.

imposing mandatory registration upon the defendant would deprive him of equal protection but directed this court to remand the case to the trial court to consider whether it should exercise its discretion to require sex offender registration under former section 290, subdivision (a)(2)(E), based upon a finding that the offense was committed as a result of sexual compulsion or for the purpose of sexual gratification. (*Hofsheier*, at pp. 1192–1193.)[7]

The *Hofsheier* court observed that while registration under section 290 was not considered a form of punishment, "it imposes a 'substantial' and 'onerous' burden [citations]." (*Hofsheier, supra*, 37 Cal.4th at p. 1197.) In contrasting the consequences of a conviction of unlawful, nonforcible oral copulation with a minor with a conviction of unlawful sexual intercourse with a minor (*id.* at pp. 1194–1196), the court noted, "If [the] defendant here, a 22-year-old man, had engaged in voluntary[8] sexual intercourse with a 16-year-old girl, instead of oral copulation, he would have been guilty of violating section 261.5, subdivision (c), but he would not face mandatory sex offender registration." (*Id.* at p. 1195.)

■ The first prerequisite for a successful equal protection argument, the court reiterated, is " 'a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Hofsheier, supra*, 37 Cal.4th at p. 1199, quoting *In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549].) The second requirement is that the challenger establish that there is no rational relationship to a legitimate state purpose for the state's having made a distinction between the two similarly situated groups. (*Hofsheier*, at pp. 1200–1201.)[9] Addressing the defendant's equal protection challenge to mandatory registration, the high court concluded that the two groups—i.e., persons convicted of unlawful,

---

[7] The court under the present statutory scheme may require a defendant convicted of a crime that is not subject to mandatory registration to register as a sex offender if the court makes a specific finding "that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification" and states its reasons therefor on the record. (§ 290.006.)

[8] The Supreme Court in *Hofsheier* used the term "voluntary" in the context of referring to oral copulation (§ 288a, subd. (b)(1)) and sexual intercourse with a minor (§ 261.5) "in a special and restricted sense to indicate both that the minor victim willingly participated in the act and to the absence of various statutory aggravating circumstances: the perpetrator's use of 'force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or another person' (§ 288a, subd. (c)(2)); the perpetrator's 'threatening to retaliate in the future against the victim or any other person' (§ 288a, subd. (c)(3)); and the commission of the act while the victim is unconscious (§ 288a, subd. (f)) or intoxicated (§ 288a, subd. (i))." (*Hofsheier, supra*, 37 Cal.4th at p. 1193, fn. 2.)

[9] Of course, there are three potential standards by which to measure the challenged classifications under an equal protection analysis—strict scrutiny, rational basis, and an intermediate level of review applicable to gender classifications. (*Hofsheier, supra*, 37 Cal.4th at p. 1200.) However, legislation is usually subjected to a rational basis analysis (*ibid.*), and that was the standard that the *Hofsheier* court employed in addressing the defendant's challenge to mandatory sex offender registration. (*Id.* at pp. 1200–1207.)

nonforcible oral copulation with a 16-year-old minor (§ 288a, subd. (b)(1)), and those convicted of unlawful, nonforcible sexual intercourse with a minor of the same age (§ 261.5)—were similarly situated for purposes of the statute being challenged. (*Hofsheier*, at pp. 1199–1200.) Secondly, the *Hofsheier* court considered whether there was a rational basis for the state's having made a distinction between the two similarly situated groups. It observed that "[t]o sustain the distinction, there must be some plausible reason, based on reasonably conceivable facts, why judicial discretion is a sufficient safeguard to protect against repeat offenders who engage in sexual intercourse, but not with offenders who engage in oral copulation. [Citation.]" (*Id.* at p. 1204, fn. omitted.) The court held that there was no rational basis for the distinction between the two groups insofar as sex offender registration was concerned and therefore held that "requiring mandatory lifetime registration of all persons who, like [the] defendant here, were convicted of voluntary oral copulation with a minor of the age of 16 or 17, but not of someone convicted of voluntary sexual intercourse with a minor of the same age, violates the equal protection clauses of the federal and state Constitutions." (*Id.* at p. 1207, fn. omitted.)

### B. Hofsheier's *Application*

Defendant argued that the reasoning of *Hofsheier* applied with equal force to the circumstances presented here. He contended that mandatory registration based upon a conviction of committing a lewd act with a 14 or 15 year old in violation of section 288(c)(1) violated equal protection, because had he engaged in unlawful, nonforcible sexual intercourse with the same victim and been convicted under section 261.5, subdivision (d),[10] he would not have been subject to mandatory registration. The trial court agreed, holding that under *Hofsheier*, the application of mandatory sex offender registration based upon defendant's convictions under section 288(c)(1) violated equal protection.

### 1. *People v. Anderson*

We were confronted recently with an equal protection question indistinguishable from the one facing us here. (See *People v. Anderson* (2008) 168 Cal.App.4th 135 [85 Cal.Rptr.3d 262], review den. Feb. 11, 2009 (*Anderson*).) In *Anderson*, the defendant was convicted of committing a lewd or lascivious act on a 14 or 15 year old by a person at least 10 years older (§ 288(c)(1)), and of misdemeanor battery (§§ 242, 243, subd. (a)). (*Anderson*,

---

[10] "Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years." (§ 261.5, subd. (d).)

at p. 138.) He argued (like defendant here) that the imposition of mandatory sex offender registration based upon his conviction under section 288(c)(1) was unconstitutional. (*Anderson*, at p. 140.) We held that *Hofsheier* did not mandate a finding that a registration requirement for the section 288(c)(1) conviction violated equal protection: "First, the Supreme Court's holding was limited to mandatory sex offender registration for violating section 288a, subdivision (b)(1). The high court made it clear repeatedly in its opinion that its analysis was limited to an equal protection challenge involving mandatory registration for one convicted of voluntary oral copulation with a minor 16 or 17 years old (§ 288a, subd. (b)(1)), as compared with discretionary registration for one convicted of voluntary sexual intercourse with a 16- or 17-year-old minor (§ 261.5). (See, e.g., *Hofsheier, supra*, 37 Cal.4th at pp. 1192, 1194, 1195, 1196, 1197, 1198, 1200, 1201, 1204, 1205, 1206, 1207.) [¶] Second, the high court made it plain that its equal protection analysis was concerned with circumstances in which the act (i.e., oral copulation with a minor, prohibited by section 288a, subdivision (b)(1)) is both voluntary and the victim is 16 or 17 years old." (*Anderson*, at pp. 141–142.)

Based upon these significant factors that distinguished *Hofsheier*, we concluded in *Anderson*: "In this instance, we are dealing with mandatory registration based on a conviction under section 288(c)(1), i.e., committing a lewd act on a child who is 14 or 15 years old where the perpetrator is at least 10 years older than that child. Not only does that particular provision contain specific protection for minors of an age group younger than the victim involved in *Hofsheier*, it also (unlike § 288a) contains a specific intent requirement. And, unlike *Hofsheier*, there is no relevant similarly situated group for which mandatory registration is not required that may serve as the basis for an equal protection challenge here. An adult who is at least 10 years older than the victim who commits a sex offense of oral copulation on a 14- or 15-year-old minor victim may be charged with a violation of section 288(c)(1), just as [the] defendant was charged in this case. [The d]efendant's group, contrary to his argument here, is not similarly situated with those convicted of voluntary oral copulation of a 16- or 17-year-old victim in violation of section 288a, subdivision (b)(1). [The d]efendant's equal protection challenge thus fails because he cannot establish that he, by virtue of his section 288(c)(1) conviction and the mandatory registration resulting therefrom, is subjected to unequal treatment because there is a similarly situated group for which no such mandatory registration is a consequence of the sex offense conviction." (*Anderson, supra*, 168 Cal.App.4th at pp. 142–143.)

### 2.  *People v. Manchel*

In a case decided prior to *Anderson*, the Second District Court of Appeal rejected the defendant's constitutional challenge to mandatory registration.

(*People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194], review den. Sept. 24, 2008 (*Manchel*).) There, although the defendant ultimately pleaded guilty to oral copulation of a 15-year-old girl (§ 288a, subd. (b)(2)), he was initially charged, inter alia, with committing a lewd act on a 14- or 15-year-old minor who he was at least 10 years older than in violation of section 288(c)(1), the same crime of which defendant was convicted here. (*Manchel*, at pp. 1110–1111.) The court distinguished *Hofsheier*, both because the victim in *Manchel* was younger (15, rather than 16), and the defendant was convicted under section 288a, subdivision (b)(2) (rather than under § 288a, subd. (b)(1)). (*Manchel*, at p. 1112.)

The potential application of section 288 to the defendant's crime was significant to the *Manchel* court's equal protection analysis: "Both oral copulation and sexual intercourse are lewd or lascivious acts when committed by individuals of the ages and age disparities set forth in section 288. [Citations.] . . . If the child is 14 or 15 years, section 288 comes into play only if the perpetrator is at least 10 years older than the victim. In that event, section 288[(c)(1)] applies . . . . By the statute's terms, if the child is older than 15, or if the child is 14 or 15 and the perpetrator is not at least 10 years older, then the perpetrator cannot be prosecuted under section 288." (*Manchel, supra*, 163 Cal.App.4th at p. 1113.) The court concluded that the fact that all offenders convicted under section 288 were subjected to mandatory registration "fundamentally alters the equal protection analysis here. . . . [¶] . . . Because Manchel's victim was 15 years old and he was at least 10 years older than she was, whether Manchel was subject to mandatory registration did not hinge on the distinction of whether the sexual conduct he engaged in with her was oral copulation or sexual intercourse. Either act constituted a lewd and lascivious act under section 288[(c)(1)] and subjected Manchel to mandatory lifetime registration as a sex offender. (§§ 288[(c)(1)], 290, subd. (c).)" (*Manchel*, at p. 1114.)

*Manchel, supra*, 163 Cal.App.4th 1108 has been criticized in several recent decisions (see, *post*, fn. 11) because the court focused there on a crime with which the defendant was charged (§ 288(c)(1)), rather than the crime of which he was convicted (§ 288a, subd. (b)(2)). Notwithstanding this criticism—which has no application here, since defendant was in fact convicted under section 288(c)(1)—the reasoning of *Manchel* is of value to us in rejecting defendant's equal protection challenge.

### 3. *Defendant's equal protection challenge*

Defendant here argues that *Hofsheier* is nonetheless applicable because he—as a person convicted under section 288(c)(1) where sex offender registration is required—is similarly situated with persons of the same age convicted of unlawful, nonforcible sexual intercourse with a 14 or 15 year old

under section 261.5, subdivision (d). Defendant's analysis is flawed for at least four reasons, and we thus conclude that he is not similarly situated with another group of convicted persons who receive different treatment under the sex offender registration statute.

■ First, as we noted in *Anderson, supra*, 168 Cal.App.4th at page 142, section 288(c)(1) includes a specific intent requirement. A lewd or lascivious act committed on a 14 or 15 year old by a person at least 10 years older is punishable under section 288(c)(1), where the person does so "with the intent described in . . . subdivision [(a)]," namely, "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ." (§ 288, subd. (a).) No such specific intent element is present for the offense of unlawful sexual intercourse under section 261.5, subdivision (d). (See *People v. Pitts* (1990) 223 Cal.App.3d 606, 876 [273 Cal.Rptr. 757]; cf. *People v. Pearson* (1986) 42 Cal.3d 351, 356 [228 Cal.Rptr. 509, 721 P.2d 595] [conduct violating § 288 not lesser included offense of sodomy under § 286, because the former crime has specific intent requirement].) The higher mental state required for a conviction under section 288 is a distinction that is meaningful in deciding whether a person convicted under that statute is similarly situated with one convicted under section 261.5.

■ Second, there is a threshold age requirement for the offender under section 288(c)(1): the defendant must be at least 10 years older than the minor victim. ■ The age of a defendant may provide a meaningful distinction in providing for different treatment of criminal offenses in certain instances. (See, e.g., *In re Arthur W.* (1985) 171 Cal.App.3d 179, 190–191 [217 Cal.Rptr. 183] [longer license revocation for minors convicted of drunk driving than that imposed for adults with similar convictions did not violate equal protection].) The age prerequisite under section 288(c)(1) is not present under section 261.5, subdivision (d), where the defendant need only be 21 years of age. The Legislature could have properly concluded that it was necessary to specifically prohibit sexual conduct between a 14 or 15 year old and an adult at least 10 years older and to include mandatory sex offender registration based upon a conviction for the offense, because of the potential for predatory behavior resulting from the significant age difference between the adult and the minor.

Third, as we also noted in *Anderson, supra*, 168 Cal.App.4th at page 142, the ages of the victims involved here—14 and 15 years old—are different from the victim in *Hofsheier* (16). This age difference of the minor, in addition to the age span between the minor and the defendant, is of significance in determining whether *Hofsheier* is applicable to the equal protection challenge here. In this regard, we find the Fifth District Court of Appeal's comments useful: "We see in this statutory background a legislative

desire to protect 14- and 15-year-olds from predatory older adults to the same extent children under 14 are protected by subdivision (a) of section 288. [Citation.] Subdivision (c) (now (c)(1)) was enacted to make the lewd conduct proscribed by subdivision (a) subject to felony punishment when committed on slightly older victims by considerably older adults. The inclusion of the decade age difference in the subdivision reflects a recognition that a 'sexually naïve' [citation] child of 14 or 15 could fall victim to a more experienced adult, a vice the Legislature was attuned to and took action to prevent." (*People v. Paz* (2000) 80 Cal.App.4th 293, 297 [95 Cal.Rptr.2d 166].)

Fourth, and perhaps most significantly, a person who engages in sexual intercourse with a 14 or 15 year old and who is also at least 10 years older than the minor may be convicted of a lewd or lascivious act under section 288(c)(1). (*People v. Fox* (2001) 93 Cal.App.4th 394, 399 [112 Cal.Rptr.2d 907] [sexual intercourse is lewd act under § 288].) Therefore, contrary to defendant's position, he, as a person convicted under section 288(c)(1), is not similarly situated with a group of persons who are not subject to mandatory registration for the commission of sexual acts with minors of the same age as the victims here. Stated otherwise, had defendant had sexual intercourse with K. or S., he would still have been subject to prosecution under section 288(c)(1) for the commission of a lewd act, a crime for which sex offender registration is mandatory. Moreover, the fact that defendant—had he had sexual intercourse with the minor, K. or S.—*could have* been charged under section 261.5, subdivision (d), rather than under section 288(c)(1), does not suggest that mandatory registration based on his convictions under section 288(c)(1) constituted a violation of equal protection. In *Hofsheier*, the equal protection analysis hinged on the fact that the defendant—had he engaged in unlawful, nonforcible sexual intercourse with the 16-year-old girl instead of oral copulation—would have *under no circumstances* been subject to mandatory registration. (*Hofsheier, supra*, 37 Cal.4th at pp. 1200, 1207.) That is not the case here.

### 4. *Prosecutorial discretion*

Defendant highlights the potential disparity under which registration for his lewd act convictions under section 288(c)(1) is mandatory, on the one hand, while registration for unlawful, nonforcible sexual intercourse with the same minor is discretionary or mandatory—depending on whether the latter act is charged under section 261.5, subdivision (d) or 288(c)(1). He argues that this circumstance makes registration subject to "the whim of the prosecutor." To the extent that this contention is made to support defendant's claim that mandatory registration here violates equal protection, it has no merit.

In *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 567–573 [117 Cal.Rptr.2d 168, 41 P.3d 3] (*Manduley*), our high court rejected the argument that an amendment to Welfare and Institutions Code section 707, subdivision (d), that gave prosecutors discretion to file certain charges against specified minors directly in criminal court without a judicial determination that they were unfit for juvenile court disposition constituted a violation of equal protection. The court concluded that the fact that the law gave prosecutors the discretion in determining whether to file charges against a minor in criminal court rather than wardship petitions in juvenile court did not render it unconstitutional. It reasoned, "[A]ll minors who meet the criteria enumerated in [Welfare and Institutions Code] section 707[, subdivision] (d) equally are subject to the prosecutor's discretion whether to file charges in criminal court. Any unequal treatment of such minors who commit the same crime under similar circumstances results solely from the decisions of individual prosecutors whether to file against particular minors a petition in juvenile court or instead an accusatory pleading in criminal court. Although . . . a prosecutor's decision in this regard can result in important consequences to the accused minor, so does a decision by a prosecutor to initiate criminal charges against *any* individual, including an adult. . . . [¶] . . . [¶] . . . [N]umerous decisions have upheld statutes conferring upon prosecutors the authority to make analogous decisions. For example, in *Davis*[ *v. Municipal Court* (1988)] 46 Cal.3d 64 [249 Cal.Rptr. 300, 757 P.2d 11], we determined that a provision limiting a defendant's eligibility for diversion to cases in which the prosecutor charged a wobbler as a misdemeanor did not violate equal protection principles. Our opinion explained that the eligibility rule was 'no different than any other legislative rule which accords differential treatment to an individual depending on whether a prosecutor believes a greater or lesser charge is appropriate.' (*Id.* at p. 87.) . . . [¶] . . . Depending upon the prosecutor's exercise of his or her traditional charging discretion, similarly situated minors who have engaged in the same criminal conduct may be prosecuted under distinct statutory schemes, one of which can give rise to harsher penalties upon conviction. . . . [P]etitioners are not entitled to elect which of two applicable statutes shall be the basis of the adjudication of the charges against them, or to choose the statutory scheme under which they will be sentenced upon conviction. [¶] . . . [¶] Thus, petitioners cannot establish a violation of their right to the equal protection of the laws by showing that other minors in circumstances similar to those of petitioners can be prosecuted under the juvenile court law. [Welfare and Institutions Code s]ection 707[, subdivision] (d) limits the prosecutor's discretion to file charges in criminal court to minors of a specified age who commit enumerated crimes under certain circumstances, and at the preliminary hearing the magistrate must find reasonable cause to believe that the minor has committed such a crime under those circumstances. In addition, the prosecutor's

decision is subject to constitutional constraints against invidious discrimination [citation] and against vindictive or retaliatory prosecution [citation]. Therefore, . . . the prosecutor's decision is not unfettered or entirely without standards. The prosecutor's discretion to select those statutorily eligible cases in which to seek a criminal disposition against a minor . . . does not violate the equal protection clause." (*Manduley*, at pp. 568–571, fn. omitted.)

Similarly, we reject defendant's equal protection challenge based upon the fact that an adult at least 10 years older than a 14- or 15-year-old minor with whom he or she has unlawful, nonforcible sexual intercourse may or may not be subject to mandatory registration, depending on how the crime is charged. Clearly, under *Manduley, supra,* 27 Cal.4th 537, it is properly within the discretion of the prosecutor to charge such an offense as a violation of either section 288(c)(1) or section 261.5, subdivision (d).

### 5. *People v. Garcia*

Defendant relies on *People v. Garcia* (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681] (*Garcia*) in support of his equal protection challenge. There, the defendant, who was 26 at the time of the incident, pleaded guilty to oral copulation with a child under 16 (§ 288a, subd. (b)(2)), and unlawful sexual intercourse (§ 261.5). (*Garcia*, at p. 478.) The appellate court concluded that *Hofsheier, supra,* 37 Cal.4th 1185, applied, notwithstanding the fact that the defendant was convicted under section 288a, subdivision (b)(2), rather than under subdivision (b)(1), as in *Hofsheier*. (*Garcia*, at p. 478.) The *Garcia* court reasoned, "A person over 21 convicted of oral copulation of a 14 year old in violation of section 288a, subdivision (b)(2), is subject to the mandatory registration requirements of section 290, subdivision (c) . . . . A person over 21 convicted of unlawful sexual intercourse with a 14 year old in violation of section 261.5 is subject to the discretionary registration requirements of section 290.006 . . . . If there is no rational reason for this disparate treatment when the victim is 16 years old, there can be no rational reason for the disparate treatment when the victim is even younger, 14 years old. Accordingly, *Hofsheier* applies whether the conviction is under subdivision (b)(2) or (b)(1) of section 288a." (*Garcia, supra,* at p. 482; see also *People v. Hernandez* (2008) 166 Cal.App.4th 641 [83 Cal.Rptr.3d 29] [following *Garcia,* holding mandatory registration for oral copulation conviction under § 288a, subd. (b)(2) violated equal protection]; *People v. Luansing* (2009) 176 Cal.App.4th 676 [97 Cal.Rptr.3d 836] [same].)

We do not find *Garcia* dispositive. Here, defendant was convicted under an entirely different statute, section 288(c)(1), that has a specific intent requirement not present under section 288a, subdivision (b)(2). Further, unlike in *Garcia,* the crime under which defendant was charged here contained as a

distinct element that the offender be at least 10 years older than the 14- or 15-year-old minor victim. Therefore, the analysis under which the *Garcia* court based its holding—that there was no rational basis for requiring registration for the offense of oral copulation under 288a, subdivision (b)(2), and not requiring it for unlawful sexual intercourse under section 261.5—has no application here. As we have discussed, there is no group with which defendant, convicted of the specific intent crime under section 288(c)(1), is similarly situated that receives differential treatment under the sex offender registration statute.[11]

## C. *Conclusion*

■ Defendant, like the defendant in *Anderson, supra*, 168 Cal.App.4th 135, did not show that he was subjected to differential treatment because of his section 288(c)(1) conviction and mandatory registration. Persons of the same age as defendant convicted of similar sex crimes are, like defendant, required to register as sex offenders. Accordingly, defendant's equal protection challenge fails because he did not establish the existence of a group to which he was similarly situated whose members received different treatment. (See *Anderson, supra*, 168 Cal.App.4th at pp. 142–143.) We therefore conclude that defendant did not satisfy the first prerequisite of an equal protection challenge of making " 'a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Hofsheier, supra*, 37 Cal.4th at p. 1199.) Accordingly, the court erred in finding that defendant was not subject to mandatory sex offender registration under section 290 as a consequence of his convictions under section 288(c)(1).

---

[11] The *Manchel* court declined to follow *Garcia*, observing that the case before it "squarely presents an issue that does not appear to have been raised before the court in [*Garcia*]: the effect of section 288 on the equal protection analysis." (*Manchel, supra*, 163 Cal.App.4th at p. 1113.) *Manchel* has been criticized because, in conducting its equal protection analysis, the court focused on a crime (violation of § 288) that the defendant *could have been* convicted of, instead of the crime to which he actually pleaded no contest (oral copulation under § 288a, subd. (b)(2)). (*People v. Luansing, supra*, 176 Cal.App.4th at pp. 683–685; *People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1373–1375 [93 Cal.Rptr.3d 800]; *In re J.P.* (2009) 170 Cal.App.4th 1292, 1299 [89 Cal.Rptr.3d 17].) As the court in *Ranscht* noted, "Consistent[ly] with *Hofsheier*, we think the more appropriate course is to focus on the offense of which the defendant was *convicted*, as opposed to a hypothetical offense of which the defendant *could have* been convicted based on the conduct underlying the charge." (*Ranscht*, at p. 1375.) In our case, unlike in *Manchel*, the equal protection analysis is founded on the offenses of which defendant was actually convicted, violations of section 288(c)(1).

## DISPOSITION

The order following the suspension of sentence and the grant of probation, concluding that defendant is not subject to mandatory sex offender registration under section 290, is reversed. The matter is remanded to the trial court with instructions that it direct defendant to register as a sex offender in compliance with section 290.

Bamattre-Manoukian, Acting P. J., and McAdams, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 21, 2010, S177969.