Filed 4/13/15  P. v. Barajas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JUAN CARLOS VERDUZCO BARAJAS,<br><br>  Defendant and Appellant. | G050023<br><br>(Super. Ct. No. 11CF0447)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed as modified.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Juan Carlos Verduzco Barajas was convicted of five counts of committing a lewd act on a child under 14 years of age (Pen. Code, § 288, subd. (a)), and one count of committing a lewd act upon a child 14 or 15 years old by a defendant who is 10 or more years older than the victim (*id.*, § 288, subd. (c)(1)).  (All further statutory references are to the Penal Code.)  Defendant was sentenced to a term of 46 years to life in prison.

On appeal, defendant argues the trial court should have instructed the jury regarding the defense of mistake of fact on the section 288, subdivision (c)(1) charge because the evidence supported defendant's reasonable, good faith belief that his then 15-year-old niece was actually 18 years old or older.  Alternatively, defendant argues that his trial counsel was ineffective for failing to request such an instruction.  Mistake of fact as to the victim's age is not a viable defense to a section 288, subdivision (c)(1) charge; the trial court did not err in failing to give an instruction on this defense, and defendant's trial counsel was not ineffective for failing to request one.

Defendant also argues CALCRIM Nos. 1110 and 1112 prejudiced him because they advised the jury that the prosecution was not required to prove defendant's lewd acts actually aroused, appealed to, or gratified the lust, passions, or sexual desires of the defendant or the victim.  While defendant admits these instructions contain a correct statement of the law, he argues they are argumentative and duplicative, and focused the jury away from what the prosecution *was* required to prove.  Defendant forfeited this argument by failing to raise it in the trial court.

Defendant also argues the trial court erred by failing to allow his counsel, during closing argument, to refer to another case in which children had fabricated stories about sexual abuse in order to get out of trouble.  The court correctly allowed defendant's trial counsel to discuss the general understanding of children's propensity to lie to get out of trouble, but refused to allow defendant to rely on the facts of an unrelated case.

2

Defendant's argument that the trial court imposed an unauthorized restitution fine fails. The fine imposed was well within the court's discretion, and nothing in the record supports defendant's arguments to the contrary.

Finally, defendant and the Attorney General agree that the amount of defendant's presentence credits was incorrectly calculated. We will direct the trial court to prepare an amended abstract of judgment reflecting the correct number of presentence credits and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

As modified, we affirm the judgment.


STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant is the uncle of victims V., D., and E.

At a family party when D. was six or seven years old, and V. was nine or 10 years old, defendant placed one girl on each of his knees. Defendant unzipped V.'s jeans and rubbed her genital area, underneath her clothing. Defendant also rubbed D.'s genital area through her clothing.

About a month later, V. and several of her cousins were outside playing in a makeshift tent. The children were lying on the ground in a circle inside the tent. Defendant went inside the tent and under the blankets, where he reached over two other children, unzipped V.'s jeans, and touched her genital area.

On another occasion, V. was in the front seat of defendant's car while he was driving. Defendant reached over and touched her genital area through her clothing. At another family gathering, while defendant and V. were watching a movie with V.'s sister and cousins, defendant reached under a blanket, unzipped V.'s pants, and touched her genital area.

On August 9, 2008, defendant was 29 years old, and E. was 15 years old. Defendant accompanied E., E.'s 18-year-old sister, the sister's boyfriend, and E.'s cousin

3

to a high school party. At the party, defendant drank several beers, grabbed E.'s buttocks, and touched her genital area through her clothes.

Defendant was charged with and convicted of five counts of committing a lewd act on a child under 14 years of age (§ 288, subd. (a) [counts 1 through 5), and one count of committing a lewd act on a child 14 or 15 years of age, by a defendant who is 10 or more years older than the victim (§ 288, subd. (c)(1) [count 6]). The jury found true the allegations that counts 1 through 5 were committed against more than one victim within the meaning of section 667.61, former subdivisions (b), (c), and (e)(5). The trial court sentenced defendant to an aggregate term of 46 years to life in prison. Defendant filed a timely notice of appeal.

## DISCUSSION

### I.

*THE DEFENSE OF GOOD FAITH MISTAKE AS TO THE VICTIM'S AGE DID NOT APPLY IN THIS CASE.*

A trial court has a duty to instruct the jury on all principles of law connected to the evidence, which are essential to the jury's determination of the issues. (*People v. Sullivan* (1989) 215 Cal.App.3d 1446, 1450.) Defendant was convicted in count 6 of violating section 288, subdivision (c)(1) by committing a lewd act against E. Section 288 provides, in relevant part: "(a) . . . [A]ny person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years. [¶] . . . [¶] (c)(1) Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall

4

be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year." (§ 288, subds. (a), (c)(1).)

Defendant argues on appeal that the trial court erred by failing sua sponte to instruct the jury as to the defense of reasonable, good faith mistake of fact as to defendant's belief that E. was 18 years of age or older. Defendant also argues that his trial counsel was ineffective for failing to request such an instruction. However, mistake of fact as to the age of the victim is not a defense to the crime of violating section 288, subdivision (c)(1). (*People v. Paz* (2000) 80 Cal.App.4th 293, 300.)

Defendant argues that preventing him from raising the defense of a reasonable, good faith belief regarding E.'s age violated equal protection because it is a defense to other crimes involving sexual contact with minors, including unlawful sexual intercourse with a minor (§ 261.5). In *People v. Cavallaro* (2009) 178 Cal.App.4th 103, 114-115, the court rejected an equal protection challenge to mandatory sex offender registration for persons convicted of violating section 288, subdivision (c)(1). The defendant had claimed that because those persons convicted of violating section 261.5 were not required to register, the registration requirement was invalid for those persons convicted of violating section 288, subdivision (c)(1). (*People v. Cavallaro*, *supra*, at p. 111.) The court rejected that argument because those persons convicted under the two different statutes were not similarly situated. (*Id.* at pp. 113-114.) First, section 288, subdivision (c)(1) includes a specific intent element that is not present in section 261.5: "The higher mental state required for a conviction under section 288 is a distinction that is meaningful in deciding whether a person convicted under that statute is similarly situated with one convicted under section 261.5." (*People v. Cavallaro*, *supra*, at p. 114.) Second, because section 288, subdivision (c)(1) requires that the defendant be at least 10 years older than the victim, "[t]he Legislature could have properly concluded that it was necessary to specifically prohibit sexual conduct between a 14 or 15 year old and an adult at least 10 years older . . . because of the potential for predatory behavior resulting

5

from the significant age difference between the adult and the minor." (*People v. Cavallaro*, *supra*, at p. 114.) Finally, section 288, subdivision (c)(1) protects children younger than those protected by section 261.5 (i.e., 14 or 15 year olds, versus children less specifically under 18 years old), reflecting a legislative intent to protect sexually naïve children from considerably older adults. (*People v. Cavallaro*, *supra*, at pp. 114-115.)

We agree with the analysis of *People v. Cavallaro*, and conclude persons convicted under sections 288, subdivision (c)(1) and 261.5 are not similarly situated for purposes of determining whether the defense of a reasonable, good faith mistake of fact as to the victim's age applies equally to both. Therefore, defendant's constitutional rights were not violated by the lack of a defense based on his alleged reasonable, good faith mistake of fact as to E.'s age.

This is also true of the other statutes that defendant cites in his equal protection argument. Section 647.6, which criminalizes annoying or molesting a child, and section 272, which criminalizes contributing to the delinquency of a minor, do not contain a specific intent element, do not contain an age differential element, and do not limit their protections to children as young as 14 or 15 years old.

We note that in *People v. Peterson* (1981) 126 Cal.App.3d 396, 397, the court concluded the mistake of age defense could be used in a case alleging oral copulation with a person under 18 years of age. Although the court did not specify under which statute the defendant was charged, we presume it was section 288a, subdivision (b)(1), which makes it a wobbler to engage in oral copulation with a victim under 18 years of age. The statute, however, makes it a felony to engage in oral copulation with a victim under 16 years of age if the defendant is more than 21 years of age. (§ 288a, subd. (b)(2).) The statute now increases the penalties if the victim is younger (under 14 years old) and more than 10 years younger than the defendant; the statute was amended to include this provision many years after the *People v. Peterson*

6

opinion was filed. (§ 288a, subd. (c)(1); Stats. 1998, ch. 936, § 5.) No case has held that the mistake of age defense is available when the crime charged is the violation of section 288a, subdivisions (b)(2) or (c)(1).

Even if the trial court had erred, we would find the error harmless. Defendant did not testify on his own behalf at trial, so there is no direct evidence that he had any belief that E. was 18 years old. In addition, there was no evidence that E. told defendant she was 18 years old, or that defendant had any reasonable, good faith belief that E. was 18 years old. To the contrary, defendant was E.'s uncle, and it is reasonable to infer that he knew she was *not* 18 years old. Defendant and E. were accompanied to the party by E.'s older sister, who was 18 years old at the time and not a twin, meaning E. could not be 18 years old. Further, the lewd acts occurred at a high school party, where it would be reasonable to infer that most of the attendees were under 18 years old. The evidence to which defendant cites for his argument is ineffective. When the prosecutor showed E. a picture of herself from the time the lewd acts occurred, E. agreed with the prosecutor that the picture was "[n]ot much different than what you look [like] today really." Of course, we have no way of knowing to what the prosecutor was referring. If, in fact, she was referring to how youthful E. appeared, it is as likely that E. still looked as young at age 20 as she looked when she was age 15. Moreover, even accepting defendant's appellate counsel's characterization of E.'s testimony that she was wearing high heels and "very short shorts" to the party, that evidence cannot create a reasonable, good faith belief by defendant that E. was 18 years old.

## II.

*THE JURY WAS PROPERLY INSTRUCTED WITH CALCRIM NOS. 1110 AND 1112.*

Defendant argues that CALCRIM Nos. 1110[1] and 1112 are impermissibly argumentative because they instruct the jury that the prosecution is not required to prove

---

[1] The jury was instructed with CALCRIM No. 1110, as follows: "The defendant is charged in Counts 1 through 5 with committing a lewd or lascivious act on a

7

the alleged acts actually aroused, appealed to, or gratified the lust, passions, or sexual desires of the perpetrator or the child.

The Attorney General argues defendant forfeited this argument because he did not object to these instructions or request their modification in the trial court. (*People v. Hart* (1999) 20 Cal.4th 546, 622.) Defendant counters that because his argument is that the instructions are legally erroneous, he was not required to first object to them in the trial court. (*People v. Smithey* (1999) 20 Cal.4th 936, 976, fn. 7 [appellate court may consider argument, made for the first time on appeal, that instruction was not correct in law].) This is not defendant's argument on appeal, however. In defendant's reply brief on appeal, he states, in reference to the challenged language from CALCRIM Nos. 1110 and 1112, "[w]hile this is not a legally incorrect statement of the law, it focuses the jury away from the elements of the offense, is duplicative in stating a negative implicit in elements of the offense and improperly diminishes the weight of certain facts pertinent to the determination of the defendant's intent." We conclude defendant forfeited this argument by failing to object to the instructions in the trial court.

---

child under the age of 14 years in violation of Penal Code section 288(a). [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant willfully touched any part of a child's body either on the bare skin or through the clothing; [¶] 2. The defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child; [¶] AND [¶] 3. The child was under the age of 14 years at the time of the act. [¶] Someone commits an act willfully when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage. [¶] *Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child is not required.* [¶] It is not a defense that the child may have consented to the act. [¶] Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun." (Italics added.) CALCRIM No. 1112 is substantively the same as CALCRIM No. 1110, but includes the specific elements regarding the age of the victim and the age differential between the victim and the defendant.

## III.

*THE TRIAL COURT DID NOT ERR BY REFUSING TO ALLOW DEFENDANT'S TRIAL COUNSEL TO DISCUSS A PUBLICIZED CASE DURING CLOSING ARGUMENT.*

During closing argument, defendant's trial counsel sought to refer the jury to a publicized case to illustrate an argument that children sometimes make up accusations in order to avoid getting into trouble. The trial court sustained the prosecutor's objection.

A defendant's counsel is generally allowed wide latitude in closing argument. (*People v. Farmer* (1989) 47 Cal.3d 888, 922.) In closing argument, counsel "may state matters not in evidence that are common knowledge, or are illustrations drawn from common experience, history, or literature." (*People v. Love* (1961) 56 Cal.2d 720, 730.) Counsel may not, however, refer to the facts of unrelated cases. (*People v. Pelayo* (1999) 69 Cal.App.4th 115, 122.)

The trial court has discretion under section 1044 to control the conduct of a criminal trial. Unless there is an abuse of discretion, the court's determinations under section 1044 must be upheld. (*People v. Cline* (1998) 60 Cal.App.4th 1327, 1334.)

In *People v. Mendoza* (1974) 37 Cal.App.3d 717, 725, the appellate court held that the trial court had properly exercised its discretion in refusing to allow the defendant's counsel to read newspaper stories to the jury about unrelated crimes, but allowing counsel to draw on common experience for the notion that children sometimes fabricate accusations about innocent people. (See *People v. London* (1988) 206 Cal.App.3d 896, 909 [counsel could argue repeated instances of mistaken identity had been reported in magazines, but could not refer to any particular article]; *People v. Pelayo*, *supra*, 69 Cal.App.4th at p. 122 [trial court did not err in refusing to allow counsel to refer to newspaper articles about children fabricating stories of sex crimes].)

9

Here, the trial court properly exercised its discretion by allowing defendant's counsel to argue that children routinely lie to avoid getting in trouble, while prohibiting counsel from referring to the facts of a particular, unrelated case. We find no error.

IV.

*THE RESTITUTION FINE DID NOT VIOLATE EX POST FACTO PRINCIPLES.*

Restitution fines under section 1202.4, subdivision (b) are mandatory, and are a form of punishment. (*People v. Zito* (1992) 8 Cal.App.4th 736, 741.) Before January 1, 2012, the minimum mandatory restitution fine for those convicted of felonies was $200; starting on January 1, 2012, the minimum increased to $240, and went up to $280 on January 1, 2013, and to $300 on January 1, 2014. (§ 1202.4, subd. (b); Stats. 2004, ch. 223, § 2; Stats. 2005, ch. 240, § 10.5; Stats. 2008, ch. 468, § 1.) At all relevant times, the maximum restitution fine was $10,000. (*Ibid.*)

Because the crimes of which defendant was convicted were committed before January 1, 2012, the restitution fine was required to be imposed in an amount between $200 and $10,000. The court's imposition of a $240 restitution fine was permissible.

Defendant argues that the trial court impermissibly believed $240 was the minimum amount it could impose as a restitution fine when the sentencing occurred in March 2014, and the fine must be reversed. Nothing in the appellate record explains why the trial court imposed $240 as the fine, rather than $200 or some other amount. Certainly, nothing in the record supports the argument that the court mistakenly believed $240 was the minimum fine as of the date of sentencing. In fact, as of the date of sentencing, the statute set the minimum fine at $300, not $240. The record supports a conclusion that the trial court opted to impose a restitution fine in an amount higher than the minimum fine, but which was well within the trial court's discretion. There was no violation of the ex post facto laws.

10

## V.

*DEFENDANT IS ENTITLED TO ADDITIONAL DAYS OF PRESENTENCE CREDIT.*

Defendant argues that he is entitled to 20 additional days of presentence custody credit, and three days of additional presentence conduct credit; the Attorney General agrees. The miscalculation of defendant's presentence credits was caused by a typographical error in the probation report.

Defendant was arrested on March 8, 2011. The first page of the probation report, on which the presentence credits were based, inaccurately states that defendant was arrested on March 28, 2011. (Elsewhere in the probation report, the correct arrest date is identified.) When those additional custody credits, as well as the additional 15 percent good conduct credits, are included, defendant should have been credited with 1,300 days of presentence credits. We direct the trial court to correct the abstract of judgment to reflect the correct credits.

### DISPOSITION

We direct the trial court to prepare an amended abstract of judgment reflecting 1,300 days of presentence credits, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

ARONSON, J.

11