Filed 5/2/14 (second of two modifications, first mod. and unmodifeed opn. follows)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048369 |
| v. | (Super. Ct. No. M14588) |
| JOHN LYNN TIREY, | ORDER MODIFYING MAJORITY OPINION; NO CHANGE IN JUDGMENT |
| Defendant and Appellant. | |

It is ordered that the majority opinion filed herein on April 25, 2014, be modified as follows:

1. On page 2, delete the second full paragraph, beginning "This court's unanimous, original, published opinion," and replace it with the following new paragraph:

> This court's original, published opinion also held the subject statute unconstitutional, imposed the same remedy, and permitted defendant to petition for a certificate of rehabilitation.

2. On page 2, in the third paragraph that continues onto page 3:

a. After the first sentence, beginning "The Attorney General petitioned," add the following new second sentence:

> We granted her petition.

b.  Delete the now third sentence, beginning "She conceded," and replace it with the following new third sentence:

> The petition conceded those two arguments had not been raised initially.

3.  On page 3, delete the first full paragraph, beginning "We disagree with," and replace it with the following new paragraph:

> We disagree with those two new arguments and, once again, hold defendant is entitled to petition for a certificate of rehabilitation.  We are only deciding, as we did in our original opinion, that defendant, now off parole for 13 years, and others similarly situated, are entitled to petition, under law, for a certificate of rehabilitation.  The trial court will decide such a petition based on the evidence.

4.  On page 3, in the second full paragraph, beginning "We recognize that," delete the last sentence and replace it with the following new sentence:

> We again invite the Legislature's continued attention to this issue.

These modifications do not effect a change in the judgment.


FYBEL, ACTING P. J.

I CONCUR:


IKOLA, J.


2

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048369 |
| v. | (Super. Ct. No. M-14588) |
| JOHN LYNN TIREY, | ORDER MODIFYING DISSENTING OPINION; |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

It is ordered that the dissenting opinion filed April 25, 2014, be modified as follows:

In the first paragraph of the dissenting opinion, the second sentence (through and including footnote 1) shall be deleted and replaced with the following sentence: "The court's decision today will frustrate the Legislature's intent by providing persons who have violated Penal Code sections 269 (aggravated sexual assault on child), 288 (lewd or lascivious acts with a child 14 or younger) and 288.7 (sexual intercourse,

sodomy, oral copulation or sexual penetration with a child 10 or younger) a way to escape their mandatory lifetime parole and sex offender registration obligations."

On page 9 of the dissenting opinion, footnote 5 shall be deleted and replaced with the following: "Ironically, the majority's contrary conclusion might actually create an equal protection problem where none previously existed. The majority's interpretation of section 3000.1, subdivision (a)(2) means: sex offenders who are sentenced to a life term under either section 269 or section 288.7 are not subject to mandatory life parole, and they are eligible to obtain a certificate of rehabilitation; while sex offenders who are sentenced to a life term under subdivision (b) of section 209, subdivision (c) of section 667.51, section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (l), or (m) of section 667.61, are subject to mandatory life parole, and they are not eligible to obtain a certificate of rehabilitation. Again this result is absurd."

The modification does not change the judgment.


THOMPSON, J.


2

Filed 4/25/14; opinion on rehearing (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048369 |
| v. | (Super. Ct. No. M14588) |
| JOHN LYNN TIREY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Lance Jensen, Judge.  Reversed.  Request for judicial notice.  Granted.

Law Offices of Robert D. Salisbury and Robert Salisbury for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., Steve Oetting and Susan Miller, Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

The only issue before us is whether defendant John Lynn Tirey is statutorily barred under Penal Code section 4852.01, subdivision (d), from petitioning for a certificate of rehabilitation. (All further statutory references are to the Penal Code unless otherwise noted.) We agree with defendant that the statute barring persons convicted of crimes under section 288, subdivision (a), from petitioning for a certificate of rehabilitation, while allowing other similarly situated persons, who have committed more serious crimes under section 288.7, to file such a petition violates equal protection under the state and federal Constitutions. We conclude that the crime of which defendant was convicted—violating section 288, subdivision (a)—must be removed from the list of crimes for which an absolute prohibition on petitioning for a certificate of rehabilitation exists. We therefore reverse the trial court's order denying defendant's petition, and remand the matter to allow the trial court to consider the merits of the petition. We express no opinion as to whether a certificate of rehabilitation should be issued to defendant; we hold only that defendant is entitled to file a petition and to have that petition considered by the trial court.

This court's unanimous, original, published opinion was authored by our now dissenting colleague. That opinion also held the subject statute unconstitutional, imposed the same remedy, and permitted defendant to petition for a certificate of rehabilitation.

The Attorney General petitioned for rehearing on the grounds the original opinion did not address two arguments. She conceded those two arguments had not been raised initially. The first argument raises a question of statutory interpretation. The Attorney General argues that under section 3000.1, subdivision (a)(2), those convicted under section 288.7 *are* barred from petitioning for a certificate of rehabilitation. To reach this result, the Attorney General argues the word "and" really means "or" in section 3000.1, subdivision (a)(2). We disagree, and conclude "and" means "and" in that

4

statute. The Attorney General's second argument relies on a statute that only becomes applicable after a certificate of rehabilitation is obtained, and therefore is inapplicable in this case.

We disagree with those two new arguments and, once again, hold defendant is entitled to petition for a certificate of rehabilitation. Our now dissenting colleague responds by making politically charged and exaggerated claims that our opinion will release thousands of serious sex offenders from parole and registration requirements. We are only deciding, as we all did in our original opinion, that defendant, now off parole for 13 years, and others similarly situated, are entitled to petition, under law, for a certificate of rehabilitation. The trial court will decide such a petition based on the evidence.

We recognize that since our original opinion was filed, a bill has been introduced in the California Assembly to provide that a defendant convicted of violating section 288.7 would also be barred from seeking a certificate of rehabilitation under section 4852.01, subdivision (d). We invite the Legislature's continued attention to this issue.

### PROCEDURAL HISTORY

In September 1998, defendant pled guilty to six counts of violating section 288, subdivision (a), and was sentenced to six years in prison.[1] He was released from prison in February 2001, and was discharged from parole in February 2004.

About nine years later, in January 2013, defendant filed a petition for a certificate of rehabilitation pursuant to section 4852.01. In March 2013, the trial court denied defendant's petition on the ground that defendant was statutorily barred from obtaining a certificate of rehabilitation under section 4852.01, subdivision (d). Defendant timely appealed.

---

[1] The abstract of judgment appears to show defendant was sentenced to three years on the principal count, and to concurrent three-year terms on the other five counts. The parties, however, agree that defendant's sentence was for six years.

DISCUSSION

I.

*THE DISPARATE TREATMENT, UNDER SECTION 4852.01, SUBDIVISION (d), OF VIOLATORS OF SECTIONS 288, SUBDIVISION (a) AND 288.7 VIOLATES EQUAL PROTECTION PRINCIPLES.*

Section 4852.01, subdivision (a) allows those convicted of a felony to petition for a certificate of rehabilitation.  The purpose of the statute is to allow rehabilitated criminal offenders to regain various civil rights denied to convicted felons.  (See *People v. Jones* (1985) 176 Cal.App.3d 120, 130.)  Subdivision (d) of section 4852.01, however, absolutely denies the right to petition for a certificate of rehabilitation to "persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in the military service."  Defendant, who pled guilty to six counts of violating section 288, subdivision (a), is therefore statutorily prohibited from petitioning for a certificate of rehabilitation.  Defendant claims that because those convicted of a violation of another similar but more serious sex offense—section 288.7—can seek a certificate of rehabilitation, section 4852.01, subdivision (d) violates equal protection principles.

"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner."  (*In re Eric J.* (1979) 25 Cal.3d 522, 530; see *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)  In her respondent's brief, the Attorney General contended that persons convicted of violating sections 288, subdivision (a),[2] and 288.7[3] are not similarly situated because the statutes apply to

---

[2]  Section 288, subdivision (a) provides:  "[A]ny person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying

victims of different ages, and because section 288, subdivision (a) includes an intent requirement not found in section 288.7.[4] We reject the Attorney General's argument on both grounds.

First, "[w]hile the age of the victim by which sex offenses are defined justifies disparate treatment of offenders of the different statutes [citation], this rationale does not justify more severe treatment of those convicted of the lesser offense." (*D.M. v. Department of Justice* (2012) 209 Cal.App.4th 1439, 1451.) Both in terms of punishment and in terms of the tenderness of the victim's age, section 288.7 is unquestionably the more severe crime. Therefore, for purposes of an equal protection analysis, the persons convicted of the less serious crime under section 288, subdivision (a) are similarly situated to those convicted of the more serious crime.

Second, while section 288, subdivision (a) requires a specific intent, and section 288.7 does not, this distinction does not affect our conclusion that persons convicted of the two different crimes are similarly situated. All of the conduct criminalized by section 288.7 is overtly sexual. Some of the conduct criminalized by section 288, subdivision (a), by contrast, would not be sexual and would not be criminalized, if it were committed without the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of either the offender or the victim.

---

the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

[3] Section 288.7 provides: "(a) Any person 18 years of age or older who engages in sexual intercourse or sodomy with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life. [¶] (b) Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life."

[4] The Attorney General also emphasizes the differences between sections 288.7 and 288, subdivisions (b)(1) and (c)(1). Because defendant pled guilty only to violations of section 288, subdivision (a), our analysis is limited to that subdivision.

7

The Attorney General cites two cases in support of her argument that those convicted of violating sections 288, subdivision (a) and 288.7 are not similarly situated. Both cases are distinguishable, and the analysis of neither case is inconsistent with ours. In *People v. Alvarado* (2010) 187 Cal.App.4th 72, 79, the court found that a person convicted of violating section 288, subdivision (a) was not similarly situated to a person convicted of violating section 261.5 (unlawful sexual intercourse with a minor) for purposes of mandatory sex offender registration. The court relied on the differences in the ages of potential victims, as well as the lack of a specific intent requirement in section 261.5. (*People v. Alvarado*, *supra*, at p. 79.) The age difference went the other way in that case—a victim under section 261.5 need only be under 18 years of age: "As to older victims, the trial court may find that the offense is not sufficiently egregious and the offender is not sufficiently dangerous to society, particularly to young children, to warrant mandatory sex offender registration for all section 261.5 and section 288a, subdivision (b)(1) convictions." (*People v. Alvarado*, *supra*, at p. 77.)

In *People v. Cavallaro* (2009) 178 Cal.App.4th 103, 113-114, the court concluded that persons convicted under sections 288, subdivision (c)(1) (lewd act against a child 14 or 15 years of age, where the offender is at least 10 years older than the victim) and 261.5, subdivision (d) (unlawful, nonforcible sexual intercourse with a child under 16 years of age, where the offender is 21 years of age or older) are not similarly situated. That case also relied on the specific intent element in section 288. (*People v. Cavallaro*, *supra*, at p. 114.) It also relied on the differing age gaps between the offender and the victims, and the different ages of the victims as compared to the victim in *People v. Hofsheier* (2006) 37 Cal.4th 1185. (*People v. Cavallaro*, *supra*, at p. 114.) *Hofsheier* analyzed equal protection in terms of mandatory sex offender registration for violations of section 288a, subdivision (b)(1) versus section 261.5. Finally, the *Cavallaro* court concluded that if the defendant had engaged in sexual intercourse with his victims, he could have been charged under either section 261.5, subdivision (d) or section 288,

8

subdivision (c)(1), and he would have been subject to mandatory registration in any event.  (*People v. Cavallaro*, *supra*, at p. 115.)

Here, we are not faced with a statutorily required age gap between the victim and the offender.  We conclude the difference between the age of the victim in the crimes committed here and the age of the victim in *People v. Hofsheier* is irrelevant for purposes of determining whether there is an equal protection violation in this case.  The question whether another offender charged with violating section 288.7 could also be charged with violating section 288, subdivision (a) is also irrelevant.

The issue before us is whether it is constitutional to permit a person convicted of a much more serious crime to petition for a certificate of rehabilitation and bar another person from so petitioning if he or she is convicted of a lesser crime.

Far more apt to the issue before us is the concurring opinion of Justice Pollak in *People v. Tuck* (2012) 204 Cal.App.4th 724, 737, in which the majority held the defendant, who pled guilty to committing lewd acts on a person under 14 years of age, in violation of section 288, subdivision (a), was not similarly situated to persons convicted of violating sex offense statutes that did not require the victim to be so young. The concurring opinion addressed the specific issue presented here:  Whether section 4852.01, subdivision (d)'s application to those convicted of violating section 288, subdivision (a), but not to those convicted of violating section 288.7, would violate equal protection principles.  (*People v. Tuck*, *supra*, at p. 741 (conc. opn. of Pollak, J.).)  "A statutory differentiation that prohibits a person convicted of engaging in lewd conduct with a minor under 14 years of age from obtaining a certificate of rehabilitation while permitting a person convicted of sexual relations with a minor 10 years or younger to do so would seem to work the same 'Kafka-like perverse effect' that was condemned in *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 712 . . . .  In that case the Supreme Court held that denying one convicted of misdemeanor lewd conduct in a public place under section 647, subdivision (a) the right to obtain a certificate of rehabilitation under

9

section 4852.01, while permitting persons convicted of a felony to obtain such a certificate, thereby disqualifying the former but not the latter from obtaining a community college teaching credential, violated the former's right to equal protection. 'This statutory discrimination against misdemeanants can claim no rational relationship to the protective purpose of [the provision denying a teaching credential to anyone convicted of certain sex offenses].' [Citation.] '[T]his rather startling statutory preferential treatment for felons as contrasted with misdemeanants denies misdemeanants the equal protection of the laws.' [Citations.]" (*Ibid.*)

We agree with the analysis and reasoning of the concurring opinion in *People v. Tuck*. Here, persons convicted under section 288, subdivision (a) are similarly situated to those convicted under section 288.7 for purposes of determining whether their ability to petition for a certificate of rehabilitation violates equal protection principles.

II.

*THE ARGUMENTS REGARDING DISPARATE TREATMENT RAISED IN THE ATTORNEY GENERAL'S PETITION FOR REHEARING ARE WITHOUT MERIT.*

In a petition for rehearing, which we granted, the Attorney General raised two new arguments regarding disparate treatment. First, the Attorney General argues that those persons convicted of violating section 288.7 *are* precluded from petitioning for a certificate of rehabilitation and therefore do not receive disparate treatment under section 4852.01, subdivision (d), which expressly prohibits persons "serving a mandatory life parole" from petitioning for a certificate of rehabilitation. The Attorney General contends that section 3000.1 imposes a mandatory life parole term on those who are convicted of violating section 288.7, thereby making those persons subject to the prohibition of section 4852.01, subdivision (d).

Section 3000.1, subdivision (a)(2) provides: "Notwithstanding any other provision of law, *in the case of any inmate sentenced to a life term under* subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual

10

offense, *Sections 269 and 288.7*, subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (*l*), or (m) of Section 667.61, *the period of parole, if parole is granted, shall be the remainder of the inmate's life*." (Italics added.) The Attorney General argues that it is not clear whether the word "and" between the references to sections 269 and 288.7 means "and," and that the statute therefore applies to persons convicted of either section 269 *or* section 288.7.

We disagree. The statute is clear and unambiguous as written. Had the Legislature intended the interpretation put forward by the Attorney General, it could have simply (1) used the word "or" in place of the word "and," or (2) used a sequential comma after the reference to section 269, which would have been consistent with the structure of the subdivision. It did neither, however.

*People v. Horn* (1984) 158 Cal.App.3d 1014, cited by the Attorney General, does not change our analysis. In that case, the court concluded that the word "and" in section 25, subdivision (b),[5] as enacted by initiative, should be read as "or" because the clear intent of the electorate was to reinstate the M'Naghten rule, which employed a disjunctive, rather than conjunctive, two-prong approach to judging whether a criminal defendant was not guilty by reason of insanity. (*People v. Horn*, *supra*, at pp. 1027-1028.) By contrast, section 3000.1 did not codify a long-standing legal principle to which we could look for confirmation that the clear use of the conjunctive was intended to be disjunctive.

----

[5] Section 25, subdivision (b) read, and still reads, as follows: "In any criminal proceeding, including any juvenile court proceeding, in which a plea of not guilty by reason of insanity is entered, this defense shall be found by the trier of fact only when the accused person proves by a preponderance of the evidence that he or she was incapable of knowing or understanding the nature and quality of his or her act and of distinguishing right from wrong at the time of the commission of the offense."

11

We need not turn to the legislative history of the statute because "'the plain, commonsense meaning of [the] statute's words is unambiguous, [and] the plain meaning controls.' [Citation.]" (*People v. King* (2006) 38 Cal.4th 617, 622.) Even if we were to consider the legislative history of section 3000.1, of which the Attorney General has asked us to take judicial notice,[6] we would still conclude the word "and" means "and." First, the author's statement in support of the legislation makes clear the purpose of its enactment: "'We believe this is an important change because there currently is no distinction between forcible and non-forcible sex crimes on a child. A forcible sex crime, such as forcible child molestation, involves "violence, duress, menace, or fear of immediate and unlawful bodily injury." And while all sex crimes are awful, these crimes are a red flag that the perpetrator is capable of much, much worse. And we should acknowledge that.'" (Assem Com. on Public Safety, Analysis of Assem. Bill No. 1844 (2009-2010 Reg. Sess.) as proposed to be amended in committee, for hearing Apr. 20, 2010, p. 19.) While the violation of section 288.7 is heinous, it is not necessarily a forcible sex crime (as the Legislature has defined "forcible") on its own. When paired with a violation of section 269, which identifies many forcible sex crimes, a violation of section 288.7 unquestionably becomes a forcible sex offense itself.[7]

---

[6] We grant the Attorney General's request to take judicial notice of that legislative history.

[7] Section 269 provides: "(a) Any person who commits any of the following acts upon a child who is under 14 years of age and seven or more years younger than the person is guilty of aggravated sexual assault of a child: [¶] (1) Rape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261. [¶] (2) Rape or sexual penetration, in concert, in violation of Section 264.1. [¶] (3) Sodomy, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 286. [¶] (4) Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 288a. [¶] (5) Sexual penetration, in violation of subdivision (a) of Section 289. [¶] (b) Any person who violates this section is guilty of a felony and shall be punished by imprisonment in the state prison for 15 years to life. [¶] (c) The court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6."

Further, an earlier version of the legislation referred only to section 269. (Legis. Counsel's Dig., Assem. Bill No. 1844 (2009-2010 Reg. Sess.) as amended in Senate, July 15, 2010.) When the legislation was amended, the reference to "Section 269" was deleted, and the reference to "Sections 269 and 288.7" was added. (Legis. Counsel's Dig., Assem. Bill No. 1844 (2009-2010 Reg. Sess.) as amended in Senate, Aug. 2, 2010.) We would draw from this amendment the inescapable conclusion that the Legislature intended to apply a lifetime parole provision to those who were convicted of violating both sections 269 and 288.7, not to those who were convicted of one or the other. (See *People v. Tuck*, *supra*, 204 Cal.App.4th at p. 740, fn. 4 (conc. opn. of Pollak, J.) ["As indicated by the conjunction 'and,' lifetime parole is imposed only if the individual is convicted of violating both sections [269 and 288.7]. The legislative history of section 3000.1 reflects that this conjunction was intentional"].)

Our dissenting colleague comes to the opposite conclusion, and concludes that "and" in section 3000.1, subdivision (a)(2) means "or," for the purpose of avoiding what he believes would be an absurd result. We agree with our dissenting colleague that this court's ability to disregard the literal language of a statute to avoid absurd results is extraordinarily narrow. (See *People v. Guzman* (2005) 35 Cal.4th 577, 587; *People v. May* (2007) 155 Cal.App.4th 350, 362.) The dissent identifies a number of ways in which the language of section 3000.1, subdivision (a)(2) is lacking in sensibility. However, under well-settled law, "[w]e must exercise caution [in] using the 'absurd result' rule; otherwise, the judiciary risks acting as a '"super-Legislature"' by rewriting statutes to find an unexpressed legislative intent." (*California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588; see *People v. Pecci* (1999) 72 Cal.App.4th 1500, 1507.)

Accordingly, we must read the statute at issue in this case as written. The statute reflects the Legislature's policy choices, and it is up to the Legislature, not this court, to change the word "and" to "or" if it wishes to do so. (*Joshua D. v. Superior*

13

*Court* (2007) 157 Cal.App.4th 549, 565 ["Where the Legislature has made a policy choice, using as here particularly clear and unambiguous language, we may not second-guess its determination"]; *California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2005) 128 Cal.App.4th 307, 316 ["'Crafting statutes to conform with policy considerations is a job for the Legislature, not the courts; our role is to interpret statutes, not to write them'"]; *Cadiz v. Agricultural Labor Relations Bd.* (1979) 92 Cal.App.3d 365, 372 ["The court should not, of course, be concerned with considerations of legislative policy or wisdom. 'Courts do not sit as super-legislatures to determine the wisdom, desirability or propriety of statutes enacted by the Legislature'"].)

Second, the Attorney General argues that section 290.5 prohibits those persons convicted of violating section 288.7 from petitioning for a certificate of rehabilitation. However, section 290.5 is inapplicable. Section 290.5, subdivision (a)(1) relieves a sex offender from "any further duty to register under Section 290 if he or she is not in custody, on parole, or on probation" upon obtaining a certificate of rehabilitation. Thus, section 290.5 does not bar a person convicted under section 288.7 from seeking a certificate of rehabilitation. Section 290.5 is limited to determining whether someone who has *already* obtained a certificate of rehabilitation must continue to register as a sex offender under section 290. Therefore, it is inapposite to the issue presented by this case.

III.

*REMEDY FOR THE EQUAL PROTECTION VIOLATION*

Having concluded section 4852.01, subdivision (d)'s disparate treatment of those convicted of violations of sections 288, subdivision (a) and 288.7 violates equal protection principles, we next consider what remedy is appropriate. We have three options: (1) invalidate section 4852.01, subdivision (d) in its entirety; (2) add section 288.7 to the list of offenses for which a certificate of rehabilitation may not be sought, in section 4852.01, subdivision (d); or (3) remove section 288, subdivision (a)

14

from the list of offenses for which a certificate of rehabilitation may not be sought, in section 4852.01, subdivision (d).

We reject the first option out of hand. Section 4852.01, subdivision (d) fulfills an important goal of protecting public safety by identifying those criminals whose past acts are so serious that they should not be given the option of obtaining a certificate of rehabilitation.

We also reject the second option. Section 288.7 was enacted by the Legislature after the current version of section 4852.01, subdivision (d) was in place, but no conforming change was made to the existing statute at that time. Despite the fact that the anomaly between sections 288, subdivision (a) and 288.7 was made known to the Legislature no later than March 2012, when the *People v. Tuck* opinion was filed, no conforming change has yet been made. This indicates to us that the Legislature is aware of the issue and has opted not to address it.[8]

We will employ the third option to remedy the equal protection violation. Therefore, we hold that those persons convicted of violating section 288, subdivision (a) are not prohibited from petitioning for a certificate of rehabilitation under section 4852.01.

Defendant also asks us to declare that section 290.5, subdivision (a)(2) violates the equal protection clause. That section, by its terms, applies only after a certificate of rehabilitation has been obtained. Unless and until defendant obtains a certificate of rehabilitation, it is premature to consider whether section 290.5's disparate

---

[8] Pursuant to Evidence Code sections 452, subdivision (c) and 459, subdivision (a), we take judicial notice of the pendency of Assembly Bill No. 1438 (2013-2014 Reg. Sess.), which would add section 288.7 to the list of crimes under section 4852.01, subdivision (d), for which a certificate of rehabilitation may not be sought. Unless and until the bill is enacted and chaptered, however, it is not an expression of the Legislature's intent on which we may rely.

15

treatment of sections 288, subdivision (a) and 288.7 offenders also violates equal protection principles.

DISPOSITION

The order denying the petition for a certificate of rehabilitation is reversed, and the matter is remanded to the trial court to consider the petition on the merits.


                                        FYBEL, ACTING P. J.

I CONCUR:


IKOLA, J.

16

**THOMPSON, J.,** Dissenting—I respectfully dissent.  The court's decision today will frustrate the Legislature's stated intent and will allow thousands of serious sex offenders to escape their lifetime parole and sex offender registration obligations.[1]  To avoid these absurd results, the disputed statutes should be interpreted to harmonize their various parts, effectuate their purposes, and resolve the hypothetical equal protection problem.

Defendant John Lynn Tirey appeals from the denial of his petition for a certificate of rehabilitation under Penal Code section 4852.01 (all further statutory references are to this code).  Tirey contends the order violates the equal protection principles articulated in *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*) and discussed in *People v. Tuck* (2012) 204 Cal.App.4th 724 (*Tuck*).

Tirey postulates persons convicted of violating section 288.7 (sexual intercourse, sodomy, oral copulation or sexual penetration with a child 10 or younger) may obtain a certificate of rehabilitation under section 4852.01, and relief from their lifetime sex offender registration obligations under section 290.5, while persons like Tirey convicted violating section 288 (lewd or lascivious acts with a child 14 or younger) may not. Tirey is wrong.

Section 4852.01 and section 290.5 together provide a means by which some sex offenders may obtain a certificate of rehabilitation and relief from their sex offender registration obligations.  (*Tuck*, *supra*, 204 Cal.App.4th at pp. 739-740 (conc. opn. of Pollak, J.).)  But, section 288 offenders and section 288.7 offenders are both excluded. Neither group of offenders may obtain a certificate of rehabilitation or relief from sex offender registration.  As a result, both groups of offenders are treated equally, there is no equal protection problem, and the challenged order should be affirmed.

---

[1]  It is estimated that in 2011 and 2012 alone, almost 1,400 persons were committed to state prison for offenses that could be affected by the court's decision today.  (Assem. Com. on Public Appropriations, com. on Analysis of Assem. Bill No. 1438 (2013–2014 Reg. Sess.) as introduced January 6, 2014.)

*1. Persons Convicted of Violating Either Section 288 or Section 288.7 May Not Obtain a Certificate of Rehabilitation Under Section 4852.01.*

Section 4852.01, subdivision (a) provides that persons who have been convicted of a felony, and released from state prison, may file a petition for a certificate of rehabilitation under certain conditions.[2] However, section 4852.01, subdivision (d) expressly excludes certain groups of sex offenders, including persons like Tirey convicted of violating section 288, and persons serving mandatory life parole.[3]

Furthermore, persons convicted of violating section 288.7 are subject to mandatory life parole, for reasons which I will explain *post*. Consequently, section 288.7 offenders may not obtain a certificate of rehabilitation under section 4852.01, subdivision (d). As a result, there is no disparate treatment of section 288 offenders and section 288.7 offenders for these purposes, and there is no equal protection problem.

*2. Persons Convicted of Violating Either Section 269 or Section 288.7 Are Subject to Mandatory Life Parole Under Section 3000.1.*

Section 3000.1, subdivision (a)(2) states: "Notwithstanding any other provision of law, in the case of any inmate sentenced to a life term under subdivision (b) of Section 209 [kidnapping], if that offense was committed with the intent to commit a

---

[2] Section 4852.01, subdivision (a) states: "(a) Any person convicted of a felony who has been released from a state prison or other state penal institution or agency in California, whether discharged on completion of the term for which he or she was sentenced or released on parole prior to May 13, 1943, who has not been incarcerated in a state prison or other state penal institution or agency since his or her release and who presents satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition for a certificate of rehabilitation and pardon provided for by this chapter, may file the petition pursuant to the provisions of this chapter."

[3] Section 4852.01, subdivision (d) states: "(d) *This chapter shall not apply to persons serving a mandatory life parole*, persons committed under death sentences, *persons convicted of a violation of* subdivision (c) of Section 286, *Section 288,* subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in the military service." (Italics added.)

2

specified sexual offense, Sections 269 [aggravated sexual assault on child] ***and*** 288.7 [intercourse, sodomy, oral copulation or sexual penetration with child 10 or younger], subdivision (c) of Section 667.51[Jessica's Law:  Persons Previously Convicted for Lewd Acts With Children], Section 667.71 [Jessica's Law:  Habitual Sexual Offenders] in which . . . the victim[] of the offense was a child under 14 years of age, or subdivision (j), (l), or (m) of Section 667.61 [the "One Strike" law], the period of parole, if parole is granted, shall be the remainder of the inmate's life."  (Bold and italics added.)

The parties dispute the meaning of the word "and" which appears between the references to sections 269 (aggravated sexual assault on child) and section 288.7 in section 3000.1, subdivision (a)(2).  Tirey contends the word "and" is used in the conjunctive sense, with the result that only persons convicted of violating *both* sections 269 and 288.7 are subject to mandatory life parole.  The Attorney General contends the word "and" is used in the disjunctive sense, equivalent to the word "or," with the result that any persons convicted of violating *either* sections 269 or 288.7 are subject to mandatory life parole.  The Attorney General is right.

The meaning of the word "and" is a question of statutory interpretation which must be resolved in accordance with long-standing principles.  "Our fundamental task in construing a statute 'is to ascertain the Legislature's intent [and] effectuate the law's purpose.  [Citation.]  We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning.  [Citation.]  In doing so, however, we do not consider the statutory language "in isolation."  [Citation.]  [W]e construe the words in question '"in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]"  [Citation.]  We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole."  [Citations.]  We must also avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend.  [Citations.]"  [Citation.]."  (*In re Greg F.* (2012) 55 Cal.4th 393, 406.)

We may sometimes disregard the literal language of the statute "to avoid absurd results, but this exception should be used sparingly and only in extreme cases." (*People v. May* (2007) 155 Cal.App.4th 350, 362.) "[W]e 'do[] not lightly assume drafting error . . . .' [Citation.] 'Consistent with the separation of powers doctrine (Cal. Const., art. III, § 3), we have previously limited ourselves to relatively minor rewriting of statutes and, even then, only resorted to that drastic tool of construction when it has been obvious that a word or number had been erroneously used or omitted. [Citations.]' [Citation.] . . ." (*People v. Guzman* (2005) 35 Cal.4th 577, 587, fn. omitted.)

And, "'[i]f a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional in whole or in part, or raise serious and doubtful constitutional questions, the court will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety . . . , even though the other construction is equally reasonable. [Citations.]'" (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 509.)

The meaning of the word "and" was discussed but not determined in *Tuck*. In that case the 19-year-old defendant pled no contest to a violation of section 288, subdivision (a), and was ordered to register as a sex offender under section 290. Years later he sought to be relieved of his lifetime registration obligation. The majority opinion held the equal protection analysis adopted in *Hofsheier* did not support Tuck's contention that the lifetime registration requirement for 288 offenders gives rise to a denial of equal protection. (*Tuck*, *supra*, 204 Cal.App.4th at pp. 731-738 (maj. opn.).)

The *Tuck* majority opinion also observed, "the question arises whether the eligibility criteria of sections 290.5 and 4852.01 result in the arbitrarily different treatment of similarly situated offenders because the courts may consider applications for certificates from some sex offenders but not others." (*Tuck*, *supra*, 204 Cal.App.4th at p. 738 (maj. opn.).) But the *Tuck* majority opinion did not answer the question because Tuck had not yet applied. (*Tuck*, *supra*, 204 Cal.App.4th at pp. 738-739 (maj. opn.).)

4

The *Tuck* author then added a concurrence to his own majority opinion "to expand on the final observation that Tuck may ultimately be entitled to relief from the lifetime registration requirement by obtaining a certificate of rehabilitation." (*Tuck*, *supra*, 204 Cal.App.4th at p. 739 (conc. opn.).) Consequently, the whole concurring opinion in *Tuck* was unnecessary to the court's decision and is *dictum proprium*, not precedent. (*People v. Lucatero* (2008) 166 Cal.App.4th 1110, 1116.)

Even so, the concurring opinion in *Tuck* observes: "Persons convicted of violating section 288.7 apparently are not excluded from those entitled to seek a certificate of rehabilitation, although persons convicted of violating both section 288.7 and section 269 are excluded. (§ 3000.1, subd. (a)(2).) Subdivision (a)(2) of section 3000.1 provides that "in the case of any inmate sentenced to a life term under . . . *sections 269 and 288.7*, [or other enumerated crimes], the period of parole, if parole is granted, shall be the remainder of the inmate's life." (Italics added.) As indicated by the conjunction 'and,' [in section 3000.1, subdivision (a)(2)] lifetime parole is imposed only if the individual is convicted of violating both sections. The legislative history of section 3000.1 reflects that this conjunction was intentional. Section 288.7 penalizes any sexual contact with a child under the age of 10, regardless of whether force is involved, while section 269 refers exclusively to forcible sex crimes on minors. In the author's statement accompanying the 2010 amendment that added this provision to section 3000.1, he states, "'We believe this is an important change because there currently is no distinction between forcible and non-forcible sex crimes on a child. A forcible sex crime . . . involves 'violence, duress, menace, or fear of immediate and unlawful bodily injury. And while all sex crimes are awful, these crimes are a red flag that the perpetrator is capable of much, much worse. . . . [¶] *This is why, under Chelsea's Law, these offenders will serve a lifetime on parole if released. . . .*'" [Citation.]" (*Tuck*, *supra*, 204 Cal.App.4th at p. 740, fn. 4 (conc. opn.).)

5

I respectfully disagree.  If the word "and" is construed to be an intentional conjunction, then any person who violates either section 269 or section 288.7 alone, would not be subject to mandatory life parole.  This result is patently absurd.  It could not be what the Legislature intended.  An aggravated sexual assault on a child under 14 in violation of section 269 is exactly the type of red flag forcible sex crime which the author of the 2010 amendment unequivocally stated warrants mandatory life parole.

Furthermore, the conjunctive construction of the word "and" is also absurd when section 269 and section 288.7 are compared.  Under section 269, any person who commits any of the specified sex acts[4] on a child under 14 and 7 or more years younger is guilty of aggravated sexual assault of a child, and is punished by a term of 15 years to life.  (§ 269, subds. (a) & (b).)  Under section 288.7, any person 18 or older who engages in sexual intercourse, sodomy, oral copulation or sexual penetration with a child 10 or younger is punished by a term of 25 or 15 years to life.  (§ 288.7, subds. (a) & (b).)

There is simply no reason to require these serious sex offenders to be charged with and convicted of violating both sections 269 and 288.7 before imposing mandatory life parole.  For example, if an 18-year-old person uses fear to *rape* a 10-year-old child, that person has violated section 269, subdivision (a)(1).  Why then should the same 18-year-old person also be required to have *sexual intercourse* with the same 10-year-old child in violation of section 288.7, subdivision (a), before being subjected to mandatory life parole?  The overlap makes no sense.

---

[4]  The sex acts specified in section 269, subdivision (a) are: "(1) Rape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261 [rape by force, fear or threat to retaliate].  [¶] (2) Rape or sexual penetration, in concert, in violation of Section 264.1.  [¶] (3) Sodomy, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 286 [sodomy or sodomy in concert by force, fear or threat to retaliate].  [¶] (4) Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 288a [oral copulation or oral copulation in concert by force, fear or threat to retaliate].  [¶] (5) Sexual penetration, in violation of subdivision (a) of Section 289 [sexual penetration by force or fear]."

Likewise, if an 18-year-old person uses a threat of retaliation to *orally copulate* a 10-year-old child, that person is guilty of violating section 269, subdivision (a)(4). Why then should the same 18-year-old person also be required to *orally copulate* the same 10-year-old child in violation of section 288.7, subdivision (b), before being subjected to mandatory life parole? The repetition is meaningless. The result is absurd. And the result obviously frustrates the Legislature's intent.

Now consider again the plain language of section 3000.1, subdivision (a)(2), quoted above. Leaving aside for a moment the disputed phrase "Sections 269 and 288.7," all of the other phrases state separate and independent bases for sentencing "serious" sex offenders (§ 1192.7, subd. (c)) to state prison for indeterminate life terms.

For example, the phrase "subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense," subjects serious sex offenders to life terms because "[a]ny person who kidnaps or carries away any individual to commit . . . rape, spousal rape, oral copulation, sodomy, or any violation of Section 264.1 [rape or sexual penetration in concert], 288 [lewd act on child or dependent person], or 289 [sexual penetration], shall be punished by imprisonment in the state prison for life with the possibility of parole." (§ 209, subd. (b).) Most non-sex kidnapping offenses are punished by determinate sentences. (§ 208, subds. (a), (b).)

Similarly, the phrase "subdivision (c) of Section 667.51," subjects serious sex offenders to life terms because only "[a] violation of section 288 [lewd act on child] or 288.5 [three or more acts of substantial sexual conduct with child under 14] by a person who has been previously convicted two or more times of an offense specified in subdivision (b) shall be punished by imprisonment in the state prison for 15 years to life." (§ 667.51, subd. (c).) "Any [other] person who is convicted of violating Section 288 or 288.5 shall receive [only] a five-year enhancement for a prior conviction of an offense specified in subdivision (b)." (§ 667.51, subd. (a).)

7

Also, the phrase "Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age," subjects serious sex offenders to life terms because "a person who has been previously convicted of one or more of the offenses specified in subdivision (c) and who is convicted in the present proceeding of one of those offenses. . . . [¶] . . . shall be punished by imprisonment in the state prison for 25 years to life." (§ 667.71, subds. (a), (b).) Most of the specified subdivision (c) offenses alone are not otherwise punished by an indeterminate life term.

Lastly, the phrase "subdivision (j), (l), or (m) of Section 667.61," subjects serious sex offenders to life terms because only a person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or subdivision (e) is punished by a term of "25 years to life" (§ 667.61, subd. (a)) or "15 years to life" (§ 667.61, subd. (b)). None of the subdivision (c) offenses alone is otherwise punished by an indeterminate life term.

Returning then to the phrase "Sections 269 and 288.7," it is anomalous in this context. It is the only phrase in section 3000.1, subdivision (a)(2) which combines two separate and independent bases for sentencing serious sex offenders to indeterminate life terms, because a violation of either section 269 or section 288.7 alone is punished by an indeterminate life term. (See §§ 269, subd. (b) (15 years to life), 288.7, subds. (a) (25 years to life), (b) (15 years to life).) Therefore, it appears the word "and" is unnecessary to achieve the purposes of section 3000.1, subdivision (a)(2).

For all of these reasons, I conclude the use of the word "and" in the phrase "Sections 269 and 288.7" in section 3000.1, subdivision (a)(2) is a drafting error, which must be disregarded, and treated as a comma or an "or," in order to harmonize the various parts and effectuate the purposes of the statute, and to avoid absurd results. I do not reach this conclusion lightly. Still, the word "and" is often used as a careless substitute for the word "or," and may be interpreted as the word "or" if necessary to carry out the intent of the Legislature. (*People v. Horn* (1984) 158 Cal.App.3d 1014, 1027-1028.)

8

If the word "and" is treated as a comma or an "or," then persons convicted of violating either section 269 or section 288.7 alone are subject to mandatory life parole under section 3000.1, subdivision (a)(2). Consequently, persons convicted of violating either section 269 or section 288.7, like persons convicted of violating section 288, may not obtain a certificate of rehabilitation under section 4852.01, subdivision (d).[5]

*2. Persons Convicted of Violating Either Section 288 or Section 288.7 May Not Obtain Relief From Their Duty to Register as Sex Offenders Under Section 290.5.*

Furthermore, even if persons convicted of violating section 288.7 may obtain a certificate of rehabilitation, they may not obtain relief from their duty to register as sex offenders under section 290.5. Section 290.5, subdivision (a)(1) provides persons required to register under section 290 for an offense not listed in subdivision (a)(2), shall be relieved of any further duty to register upon obtaining a certificate of rehabilitation.[6] However, section 290.5, subdivision (a)(2) excludes many different groups of sex offenders, including persons like Tirey convicted of violating section 288 (§ 290.5, subd. (a)(2)(M)), and persons convicted of any offense which "would have been punishable as one or more of the offenses specified in this paragraph." (§ 290.5, subd. (a)(2)(V).) Thus, if section 288.7 offenses are punishable as one or more of the offenses specified, then persons who are convicted of violating section 288.7 are also excluded.

---

[5] Ironically, the majority's contrary conclusion may actually create an equal protection problem where none previously existed. The court's decision will release persons who violate either section 269 or section 288.7 from mandatory life parole and allow them to obtain a certificate of rehabilitation, while the other similarly situated sex offenders listed in section 3000.1, subdivision (a)(2) will remain subject to mandatory life parole and unable to obtain a certificate of rehabilitation. Again this result is absurd.

[6] Section 290.5, subdivision (a)(1) states: "(1) A person required to register under Section 290 for an offense not listed in paragraph (2), upon obtaining a certificate of rehabilitation under Chapter 3.5 (commencing with Section 4852.01) of Title 6 of Part 3, shall be relieved of any further duty to register under Section 290 if he or she is not in custody, on parole, or on probation."

9

Section 288.7 offenses are punishable as one or more of the offenses specified in section 290.5, subdivision (a)(2).[7] For example, sexual intercourse with a child 10 or younger in violation of section 288.7, subdivision (a), is punishable as an aggravated sexual assault of a child under 14 in violation of section 269, subdivision (a)(1) and section 261, subdivision (a)(2), so long as the act is accomplished against the child's will. (Compare CALCRIM No. 1127 with Nos. 1030, 1123.) Likewise, sodomy with a child 10 or younger in violation of section 288.7, subdivision (a), is punishable as an aggravated sexual assault of a child under 14 in violation of section 269, subdivision (a)(3) and section 286, subdivision (c)(2)(B). (Compare CALCRIM No. 1127 with Nos. 1000, 1123.) Similarly, oral copulation with a child 10 or younger in violation of section 288.7, subdivision (b), is punishable as an aggravated sexual assault of a child under 14 in violation of section 269, subdivision (a)(4) and section 288a, subdivision (c)(2)(B). (Compare CALCRIM No. 1128 with Nos. 1015, 1123.) Finally, sexual penetration with a child 10 or younger in violation of section 288.7, subdivision (b), is punishable as an aggravated sexual assault of a child under 14 in violation of section 269, subdivision (a)(5) and section 289, subdivision (a)(1)(B). (Compare CALCRIM No. 1128 with Nos. 1045, 1123.) And the offenses specified in section 290.5, subdivision (a)(2) include section 261, subdivision (a)(1), section 269, section 286, subdivision (c)(2)(B), section 288a, subdivision (c)(2)(B), and section 289, subdivision (a)(1)(B). (§ 290.5, subds. (a)(2)(D), (J), (L), (O).) Therefore, persons who violate section 288.7 are not entitled to relief from their lifetime registration obligations under section 290.5, subdivision (a). As a result, there is no disparate treatment of section 288 offenders and section 288.7 offenders for these purposes, and again there is no equal protection problem.

---

[7] Interestingly, the reverse is also true for most of the offenses specified, which expressly do "not preclude prosecution under Section 269, Section 288.7, or any other provision of law." (§§ 286, subd. (c)(2)(D), 288a, subd. (d)(4), 289, subd. (a)(1)(D).)

*3. The Equal Protection Problem Posited Is Hypothetical and Should be Avoided.*

Additionally, even if none of the foregoing were true, the equal protection problem which the majority opinion in this case and the concurring opinion in *Tuck* posit is hypothetical, and it will remain so for many, many years to come. This is undeniably true because no section 288.7 offender has yet completed his or her sentence and been paroled, let alone been discharged from parole, obtained a certificate of rehabilitation, and thereby been relieved from the sex offender registration requirement.[8] Under these circumstances and because the statutory grounds discussed *ante* dispose of the issue, the equal protection problem should be avoided under the concept of judicial restraint.

"When statutory grounds dispose of an issue, constitutional questions should be avoided because of the 'concept of judicial self-restraint, succinctly stated in the rule that "we do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us." [Citations.]'" (*People v. Barasa* (2002) 103 Cal.App.4th 287, 292, fn. 4.) Since we are required to refrain from deciding hypothetical questions of constitutional law unnecessary to our disposition, we need not and should not address the equal protection contention. (*Berardi v. Superior Court* (2008) 160 Cal.App.4th 210, 228.) And, it is not proper for us to even consider a constitutional challenge to a statute "unless and until upon claimed impairment of the constitutional rights of a person subjected to its operation the issue is squarely presented." (*People v. Victor* (1965) 62 Cal.2d 280, 295.)

---

[8] Section 288.7 was signed into law as an urgency measure on September 20, 2006. A violation of section 288.7 is punishable by an indeterminate sentence of 25 years to life (subd. (a)) or 15 years to life (subd. (b)). A person who violated section 288.7 on September 20, 2006, who was then apprehended, tried and convicted on that same date, would first be eligible for parole on September 20, 2031 (subd. (a)) or September 20, 2021 (subd. (b)). And if one assumes a six-year parole period (contrary to the conclusion above that section 288.7 offenders are subject to lifetime parole) then the earliest date on which a section 288.7 offender could even apply for and obtain a certificate of rehabilitation and relief from the duty to register as a sex offender would be September 20, 2037 (subd. (a)) or September 20, 2027 (subd. (b)).

11

*4. Final Thoughts:  Pending Legislation*

Finally, I note the Legislature is currently considering amendments to section 4852.01 and section 290.5, which would solidify the conclusion that section 288 and 288.7 offenders are to be treated equally for certificate of rehabilitation and relief from sex offender registration purposes.  Specifically, AB 1438 would add section 288.7 to the list of expressly excluded offenses set forth in sections 4852.01, subdivision (d) and 290.5, subdivision (a)(2).  If adopted, this bill would provide that a person who violates section 288.7 would not be entitled to obtain a certificate of rehabilitation or to obtain relief from his or her duty to register as a sex offender, all to ensure the overall scheme reflects the public policy objectives it was intended to accomplish.[9]

*5. Conclusion*

The court's decision today constitutes a major retreat from the rigorous mandatory life parole and lifetime sex offender registration obligations the Legislature has imposed on serious sex offenders.  It also deviates from the well-established principles which govern our interpretation of statutes and consideration of constitutional challenges.  Accordingly, I respectfully dissent.  The order denying the petition for a certificate of rehabilitation should be affirmed.


THOMPSON, J.

---

[9] The stated objectives of the sex offender registration scheme are to deter sex offenders from committing future crimes, provide law enforcement with additional investigative tools, and increase public protection.  (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 526-527; Pleau, *Review of Selected 2007 California Legislation:  Closing a Loophole in California's Sex Offender Registration Laws*, (2007) 38 McGeorge L.Rev. 276, 277; *Hatton v. Bonner* (9th Cir. 2004) 356 F.3d 955, 961.)

12