Filed 11/2/22  Flores v. Dept. of Justice CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| JOE ROBLES FLORES, | C095611 |
| Plaintiff and Appellant, | (Super. Ct. No. CR-2007-6479-AP) |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant and Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

In 2008, petitioner Joe Robles Flores pleaded no contest to a misdemeanor violation of Penal Code[1] section 288, subdivision (c)(1) and was required under former

---

[1]     Further undesignated statutory references are to the Penal Code.

section 290 to register as a sex offender for life. Following a change in the sex offender registration scheme in 2021 which created a tiered registration system, petitioner was classified as a tier-three offender, and, as such, was still subject to lifetime registration.

Petitioner filed a petition for a writ of mandate on equal protection grounds seeking to have his tier-three registration classification changed or his removal from the registry altogether. He asserted that similarly situated individuals convicted under section 288, subdivision (a) were classified as tier-two offenders whereas those convicted under subdivision (c)(1) of that section for crimes involving the same acts and the same intent were classified as tier-three offenders, and that there was no rational basis for this differential treatment. The superior court denied the petition.

Petitioner appeals, reprising his equal protection claims. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2008, petitioner was convicted, upon his plea of no contest, of a misdemeanor violation of section 288, subdivision (c)(1) based on an incident involving his granddaughter. As a result of this conviction, he was required to register for life as a sex offender under former section 290.

In 2017, the Legislature enacted, and the Governor signed, Senate Bill No. 384 (2017-2018 Reg. Sess.), which amended section 290 and established a three-tiered registry for sex offenders convicted in adult court. (Stats. 2017, ch. 541; see § 290.) Tier one provides for a minimum 10-year term of registration, tier two provides for a minimum 20-year term, and tier three provides for lifetime registration. (§ 290, subd. (d).) In 2021, the amended, tiered version of section 290 became operative. Under the new tiered registration scheme, petitioner's conviction of violating section 288, subdivision (c)(1) was a tier-three offense, and thus petitioner remained subject to lifetime registration. (§ 290, subd. (d)(3)(C)(ix).) However, violation of section 288, subdivision (a) was classified as a tier-two offense, subject to a minimum 20-year term of registration. (§ 290, subd. (d)(2)(A).)

2

Petitioner filed his petition for a writ of mandate in the Yolo County Superior Court. He asserted that violation of subdivision (a) of section 288 was a more serious crime than violation of subdivision (c)(1) of that section. Petitioner emphasized that violation of subdivision (a) "deals with an even more vulnerable class of people - those under the age of 14," results in more severe sentences, and is classified as a serious felony under section 1192.7, subdivision (c)(6) and a violent felony under section 667.5, subdivision (c)(6). Additionally, unlike section 288, subdivision (c)(1), violation of section 288, subdivision (a) is not considered a "wobbler" and therefore cannot be reduced to a misdemeanor. Yet, petitioner noted, had he pled to a violation of subdivision (a) of section 288, he would be classified as a tier-two offender rather than a tier-three offender. He emphasized that violations of subdivisions (a) and (c)(1) of section 288 both constituted specific intent crimes, they addressed identical conduct, and they involved a "very similar age group." However, according to petitioner, "the more serious crime, a violation of [section] 288[, subdivision ](a), has a lesser consequence under [section] 290."

Thus, petitioner asserted that individuals similarly situated to him—offenders 10 years older than their victims convicted of violating section 288, subdivision (a) and offenders 10 years older than their victims convicted of violating section 288, subdivision (c)(1)—were treated differently under the amended version of section 290. Petitioner asserted that this constituted a violation of his rights under the equal protection clauses of the United States and California Constitutions. Specifically, individuals convicted under subdivision (a) of section 288 receive a lesser registration consequence under section 290 than individuals convicted under subdivision (c)(1) of section 288. Petitioner further asserted there was no rational basis for the differential treatment of these similarly situated individuals.

The superior court denied the petition.

3

# DISCUSSION

## I

### *Equal Protection Principles*

"The United States and California Constitutions prohibit denial of equal protection of the laws." (*Legg v. Department of Justice* (2022) 81 Cal.App.5th 504, 510 (*Legg*), citing U.S. Const., 14th Amend. & Cal. Const., art. 1, § 7, subd. (a).) "At core, the requirement of equal protection ensures that the government does not treat a group of people unequally without some justification." (*People v. Chatman* (2018) 4 Cal.5th 277, 288.)

"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) "This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)

"Where the two groups are similarly situated, the high court under federal law has prescribed different levels of scrutiny depending on whether the law 'targets a suspect class.' " (*Legg, supra*, 81 Cal.App.5th at p. 511, quoting *Romer v. Evans* (1996) 517 U.S. 620, 631.) " 'At a minimum, a statutory classification must be rationally related to a legitimate government purpose. [Citations.] Classifications based on race or national origin [citation], and classifications affecting fundamental rights [citation] are given the most exacting scrutiny. Between these extremes of rational basis review and strict scrutiny lies a level of intermediate scrutiny, which generally has been applied to discriminatory classifications based on sex or illegitimacy.' " (*Legg*, at p. 511, quoting *Clark v. Jeter* (1988) 486 U.S. 456, 461, & citing *Connerly v. State Personnel Bd.* (2001) 92 Cal.App.4th 16, 31-32 & *United States v. Virginia* (1996) 518 U.S. 515, 532.)

4

"Because sex offender registration does not implicate a suspect class or a fundamental right, rational basis review applies here." (*Legg, supra*, 81 Cal.App.5th at p. 511.) "Under rational basis review, even where the state treats two similarly situated groups differently, there is no constitutional violation unless there is [not] 'a rational relationship between the disparity of treatment and some legitimate governmental purpose.' " (*Ibid.*, quoting *Heller v. Doe* (1993) 509 U.S. 312, 320.) "A classification in a statute is presumed rational until the challenger shows that no rational basis for the unequal treatment is reasonably conceivable. [Citations.] The underlying rationale for a statutory classification need not have been ' "ever actually articulated" ' by lawmakers, and it does not need to ' "be empirically substantiated." ' [Citation.] Nor does the logic behind a potential justification need to be persuasive or sensible—rather than simply rational." (*People v. Chatman*, *supra*, 4 Cal.5th at p. 289.) " 'While the realities of the subject matter cannot be completely ignored [citation], a court may engage in " 'rational speculation' " as to the justifications for the legislative choice [citation]. It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record." ' [Citation.] To mount a successful rational basis challenge, a party must ' "negative every conceivable basis" ' that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic." ' " (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*).)

We review petitioner's equal protection claim de novo. (*Legg, supra*, 81 Cal.App.5th at p. 509.)

## II

### *Penal Code Section 288 and the Parties' Contentions*

Subdivision (a) of section 288 provides, in pertinent part: "a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof,

5

of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

Subdivision (c)(1) of section 288 provides, in pertinent part: "A person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year."

Petitioner asserts that the disparate treatment of offenders convicted of violating section 288, subdivision (c)(1) and a subset of those convicted of violating section 288, subdivision (a) in their respective section 290 tiered-registration requirements violated the equal protection clauses of the United States and California Constitutions. Petitioner asserts that these groups are similarly situated, satisfying the initial step of the equal protection inquiry. He asserts both crimes are specific intent crimes, they address identical conduct, and they deal with a similar age group.

Petitioner further asserts no rational basis exists for disparate treatment. He asserts that "the best argument in support of rational basis is that [section] 288[, subdivision ](c)(1) requires a 10 year age gap and [section] 288[, subdivision ](a) does not. However, no rational basis can exist for the following outcome; if [petitioner] committed the exact same act with a child under 14 instead of 15, not only would [section] 288[, subdivision ](c)(1) simply *not* . . . apply but his consequences would be less under [section] 290 with a [section] 288[, subdivision ](a) conviction. No rational reason can exist for this outcome." He emphasizes that violation of section 288, subdivision (a) is the more serious crime, it is classified as a "serious felony" (§ 1192.7,

6

subd. (c)(6)) and a "violent felony" (§ 667.5, subd. (c)(6)), it is not a wobbler, and it carries a higher potential prison term.

The Attorney General maintains the two groups are not similarly situated: "offenders under subdivision (c)(1) are at least 24 years old and at least 10 years older than their minor victims—and their behavior is more likely to be predatory—whereas subdivision (a) lacks an age difference requirement between offenders and victims and could criminalize consensual acts between peers." (Fn. omitted.) In the same vein, the Attorney General argues: "While both subdivisions criminalize lewd and lascivious acts against children and require the prosecutor to prove the same intent, the age difference required between the victim and offender for a conviction under [section] 288[, subdivision ](c)(1) make the offenders differently situated. . . . [¶] First, every subdivision (c)(1) offense requires an age difference of at least 10 years' difference between the offender and the victim, an age difference that is presumptively predatory when a child is involved." "Second, section 288, subdivision (a) offenders include people who committed their offense as children, teenagers, and young adults—ages recognized to be more open to rehabilitation." (Fn. omitted.) The Attorney General asserts the registration scheme is supported by several rational bases.

Another panel of this court recently addressed the same issue in *Legg, supra*, 81 Cal.App.5th 504. For the reasons articulated in *Legg*, we reject petitioner's equal protection claim.

### III

#### *Analysis*

The acts proscribed under subdivisions (a) and (c)(1) of section 288 are similar "in that they both prohibit a person from willfully and lewdly committing any lewd or lascivious act upon or with any part of the body of a child." (*Legg, supra*, 81 Cal.App.5th at p. 512; see § 288, subds. (a), (c)(1).) However, subdivision (a) requires that the victim be under 14 years old, whereas subdivision (c)(1) requires both

7

that the victim be 14 or 15 years old and that the perpetrator is at least 10 years older than the victim. (§ 288, subds. (a), (c)(1).) "The inclusion of the decade age difference in . . . subdivision [(c)(1)] reflects a recognition that a 'sexually naïve' [citation] child of 14 or 15 could fall victim to a more experienced adult, a vice the Legislature was attuned to and took action to prevent." (*People v. Paz* (2000) 80 Cal.App.4th 293, 297.) " 'The Legislature could have properly concluded that it was necessary to specifically prohibit sexual conduct between a 14- or 15-year-old and an adult at least 10 years older and to include mandatory sex offender registration based upon a conviction for the offense, because of the potential for predatory behavior resulting from the significant age difference between the adult and the minor.' " (*Legg*, at p. 512, quoting *People v. Cavallaro* (2009) 178 Cal.App.4th 103, 114 (*Cavallaro*).) This legislative concern is not always present when an offender violates section 288, subdivision (a). "Thus, while we recognize section 288, subdivisions (a) and (c)(1) share similarities in the prohibited conduct and intent, the age differential required by subdivision (c)(1) is a meaningful distinction demonstrating that persons violating the two statutes are not similarly situated." (*Legg*, at p. 512.)

In making his "similarly situated" argument, petitioner relies extensively on *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), overruled in part in *Johnson, supra*, 60 Cal.4th 871. (AOB 15-21) In *Hofsheier*, the defendant had pled guilty to oral copulation of a 16-year-old girl in violation of former section 288a and was subject to lifetime mandatory registration under section 290. (*Hofsheier*, at pp. 1192-1193.) The defendant on appeal asserted an equal protection claim on the ground that a person convicted of unlawful sexual intercourse with a minor in violation of section 261.5 under the same circumstances would not be subject to mandatory registration. (*Hofsheier*, at p. 1193.) The Supreme Court agreed with the defendant and held that "to subject defendant to the mandatory registration requirement of section 290, subdivision (a)(1)(A) would deny defendant the equal protection of the laws." (*Id*. at p. 1193.) In concluding

8

the two groups were similarly situated, the Supreme Court in *Hofsheier* stated the "only difference between the two offenses is the nature of the sexual act." (*Id*. at p. 1200.) However, the Supreme Court subsequently overruled *Hofsheier* on this point, stating that, "[c]ontrary to *Hofsheier*'s observation, 'the nature of the sexual act' is not the 'only difference' between unlawful sexual intercourse and nonforcible oral copulation." (*Johnson*, at p. 884.) In any event, unlike *Hofsheier*, "here, the differences between the groups petitioner identifies is not the nature of the sexual act." (*Legg, supra*, 81 Cal.App.5th at p. 513.) In fact, petitioner asserts that, here, "the nature of the lewd and lascivious acts are the exact same."

Petitioner also relies on *Hofsheier* to argue the age differences in the statutes should not prevent a finding that persons convicted under section 288, subdivision (a) or section 288, subdivision (c)(1) are similarly situated. However, the Supreme Court, in subsequently overruling *Hofsheier* in part, stated that "*Hofsheier*'s equal protection analysis is fundamentally flawed and deserves to be overruled." (*Johnson, supra*, 60 Cal.4th at p. 879.) That criticism applies to aspects of the analysis on which petitioner relies. We conclude the circumstances here are more analogous to those in *Cavallaro, supra*, 178 Cal.App.4th 103, upon which the Attorney General relies. "In *Cavallaro*, the defendant was convicted under section 288, subdivision (c)(1), and he asserted that he was similarly situated to persons of the same age convicted of unlawful, nonforcible sexual intercourse with a 14- or 15-year-old child under section 261.5, subdivision (d). However, the appellate court concluded the groups were not similarly situated because while section 261.5, subdivision (d) required that the defendant be at least 21 years of age, it did not require a minimum age differential between defendant and victim," whereas section 288, subdivision (c)(1) does. (*Legg, supra*, 81 Cal.App.5th at p. 513, citing *Cavallaro*, at p. 114.)

In addition, section 288, subdivision (c)(1) can only apply to adult offenders 24 years old or older, as that subdivision applies only to individuals at least 10 years older

9

than their 14- and 15-year-old victims. (§ 288, subd. (c)(1).) Conversely, section 288, subdivision (a) is not so limited and may apply to younger offenders including teens and adults under 24 years old (§ 288, subd. (a)), who may have greater prospects for reform (see *In re Williams* (2020) 57 Cal.App.5th 427, 431 [discussing U.S. Supreme Ct. cases and their discussions of "juveniles and their greater prospects for reform"]).  For this reason, too, these two groups of offenders are not similarly situated.

"Petitioner's equal protection challenge fails because he has not established that he, as an individual required to register as a sex offender for life due to his conviction under section 288, subdivision (c)(1), is subjected to unequal treatment as compared to a similarly situated group.  In any event, even were we to agree with petitioner that the similarly situated prerequisite is satisfied, he has failed to show that there is no rational relationship between the challenged statutory disparity and some legitimate governmental purpose.  The relevant inquiry in this case is whether a legitimate reason exists that permits the Legislature to require lifetime registration for persons convicted under section 288, subdivision (c)(1), while allowing persons convicted under section 288, subdivision (a) to petition for termination from the sex offender registry after the expiration of the mandated minimum registration period (typically 20 years).  Such a reason exists here." (*Legg, supra*, 81 Cal.App.5th at p. 514.)

"The Legislature could have reasonably determined that the challenged statutory disparity is warranted to serve the legitimate governmental purpose of protecting the public from considerably older adults who have preyed on young and vulnerable children.  [Citation.]  The legislative concern giving rise to the enactment of subdivision (c)(1) of section 288–sexual exploitation of young, vulnerable children by significantly older predatory adults [citation]–is not always present when a person violates subdivision (a) of section 288, since a violation of that provision can involve consensual sexual relations between minors or teenagers in a romantic relationship.  [Citation.]  Thus, although those convicted of offenses under section 288, subdivision (a) are subject to

10

harsher penalties (three, six, or eight years of imprisonment; convictions classified as a 'super strike' [citation]) than those convicted under subdivision (c)(1) (one, two, or three years' imprisonment; offenses may be prosecuted as a misdemeanor or a felony), the Legislature reasonably could have determined that section 288, subdivision (a) offenses could be committed by younger offenders with more potential to rehabilitate–despite the severity of the offense–than their subdivision (c)(1) counterparts, who are necessarily older and more predatory, even if their conduct occurs with an older victim." (*Legg, supra*, 81 Cal.App.5th at p. 515, fn. omitted.)

Petitioner advances arguments in his opening brief and his reply brief concerning over- and under-inclusion. On this point, we note, as did the court in *Legg*, that, while *some* offenders under section 288, subdivision (a) may be the same age as offenders under subdivision (c)(1) of that section, "there is no minimum age *requirement* set forth in subdivision (a); therefore, whether *some* offenders under subdivision (a) could possibly be the same age as offenders under subdivision (c)(1) does not affect our analysis." (*Legg, supra*, 81 Cal.App.5th at p. 515, fn. 3.) " 'A classification is not arbitrary or irrational simply because there is an "imperfect fit between means and ends" ' [citation], or 'because it may be "to some extent both underinclusive and overinclusive." ' " (*Johnson, supra*, 60 Cal.4th at p. 887.) "Consequently, any plausible reason for distinguishing between" subdivisions (a) and (c)(1) of section 288 for purposes of tier-three lifetime registration "need not exist in every scenario in which the statutes might apply." (*Johnson,* at p. 887.) "At bottom, the Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses. [Citations.] In light of the legitimate purposes of sex offender registration, and the plausible and actual legislative concerns noted above, it cannot be said that the differentiated treatment" under subdivisions (a) and (c)(1) of section 288 " 'so lack[s] rationality' that it constitutes 'a constitutionally impermissible denial of equal protection.' " (*Johnson,* at p. 887.)

"[B]ecause here a plausible basis does exist for the challenged statutory disparity, petitioner's equal protection claim fails." (*Legg, supra*, 81 Cal.App.5th at p. 516.) Having concluded that the groups petitioner identifies are not similarly situated and that, in any event, a rational basis exists for the disparate treatment, we need not address petitioner's contentions concerning remedies.

Lastly, the Attorney General requested that we take judicial notice of a superior court decision and subsequent order in an unrelated matter. The request was deferred pending calendaring and assignment of the panel. We deny the Attorney General's request for judicial notice " 'because the proffered material is unnecessary to our decision.' " (*City of Grass Valley v. Cohen* (2017) 17 Cal.App.5th 567, 594, fn. 13, quoting *City of Emeryville v. Cohen* (2015) 233 Cal.App.4th 293, 312, fn. 13.)

## DISPOSITION

The order denying petitioner's petition for a writ of mandate is affirmed.

/s/
HOCH, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
DUARTE, J.

DUARTE, J., Concurring.

Although I agree with the entirety of the majority opinion in this case, and continue to believe we reached the legally correct conclusion in *Legg v. Department of Justice* (2022) 81 Cal.App.5th 504, I am concerned by the *mandatory* imposition of lifetime registration requirements in *misdemeanor* cases that resolve by plea, such as this one. Defendant's appellate counsel raised this point at oral argument, couched as a concern about the chilling effect of the tier three classification for this particular statute on the parties' ability to agree on a misdemeanor plea.

It certainly seems logical that *if* the factual basis or the state of the evidence in any particular case is such that the prosecutor and ultimately the trial judge are amenable to permitting a plea to a misdemeanor on a Penal Code section 288, subdivision (c)(1) wobbler, the parties should be permitted to negotiate--and the trial judge permitted to impose--something other than a lifetime registration requirement in accordance with that misdemeanor plea. This logic seems particularly evident at the present time, when the Legislature has been steadily moving toward conferring greater sentencing discretion on trial judges. Indeed, the establishment of the three-tiered registry reflects that movement.

Thus, although I agree that a rational basis appears for the Legislature to classify violation of this particular statute as a tier three offense, I am concerned that the restrictive and nondiscretionary nature of requiring cooperative misdemeanants to register for life--without any regard to the prosecutors' and trial judges' respective assessments of whether this requirement is actually warranted under the facts and circumstances of a particular case--may have been inadvertently overlooked.

I write separately because I feel it deserves mention.


       /s/                       
       DUARTE, J.

1